[No. B196863. Second Dist., Div. One. Mar. 27, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ANTHONY GARCIA, Defendant and Appellant.

**COUNSEL**

Beltran, Beltran, Smith, Oppel & MacKenzie and Patrick S. Smith for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephanie C. Brenan and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

JACKSON, J.*—

## INTRODUCTION

Defendant John Anthony Garcia appeals from an order denying his motion to be relieved of the requirement that he register as a sex offender (Pen. Code, § 290)[1] pursuant to *People v. Hofsheier* (2006) 37 ·Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29]. We reverse and remand the matter for a new hearing on the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1985, defendant pled guilty to oral copulation with a person under the age of 16 years (§ 288a, subd. (b)(2)) and unlawful sexual intercourse with a female not his wife under the age of 18 years (§ 261.5). According to the probation officer's report, 14-year-old Heather H. and her family were staying with defendant, who was then 26 years old. While Heather and defendant were watching television, he rubbed her knee and told her he liked young girls and wanted to know her better. She moved to another chair and fell asleep. She woke up when defendant began pulling down her panties. She pretended to be asleep, and defendant fondled her, orally copulated her and had sexual intercourse with her. She later told her parents what had happened, and they notified the police.

Defendant was placed on five years' probation. Additionally, pursuant to section 290, former subdivision (a)(1)(A), defendant was subject to mandatory lifetime registration as a sex offender due to his conviction of oral copulation.

■ In 2006, the California Supreme Court decided *Hofsheier*. It held that the mandatory lifetime sex offender registration requirement of section 290, former subdivision (a)(1)(A), violated the equal protection clause to the extent it required mandatory registration for oral copulation with a 16-year-old girl (§ 288a, subd. (b)(1)) but not for unlawful sexual intercourse with a girl the same age (§ 261.5). (*People v. Hofsheier, supra,* 37 Cal.4th at pp. 1206–1207.) The court concluded that where mandatory registration violates the equal protection clause, the proper remedy is to hold a hearing to

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further section references are to the Penal Code.

determine whether the defendant should be subject to discretionary registration as a sex offender under former subdivision (a)(2)(E) of section 290. (*Hofsheier, supra,* at pp. 1208–1209.)

On June 16, 2006, defendant moved for resentencing or, in the alternative, for a hearing pursuant to *Hofsheier* to determine whether lifetime registration as a sex offender was appropriate. In support of his motion he submitted character letters as to his remorse over the 1985 incident and the blameless life he has led since then.

On December 14, 2006, the trial court denied defendant's motion. In making its ruling, the trial court initially noted that "[f]rom reviewing all the materials contained in the court file, if this court were to review whether or not the defendant should be required to register under the discretionary provisions of [section] 290, the court would clearly find that the registration requirement was appropriate and warranted by the underlying circumstances of the crime. You have a [26]-year-old individual engaging in various forms of sexual behavior with a . . . 14-year-old child. [¶] If the court were to make that discretionary decision today, the defendant would be required to register under the dictates of [section] 290 for the rest of his life. . . ."

The trial court acknowledged that "[d]efendant has not re-offended in terms of any type of offense of a sexual nature." Additionally, defendant "submitted a psychological report addressing the underlying circumstances that required the registration and his conduct and psychological state that he has offered in terms of asking the court to terminate the registration requirement."

The court added that defendant "is asking to be relieved [of] the lifetime obligation to register and [I] have no doubts that there are persons in our society now who are required to register under [section] 290 who have been crime free, such as the defendant, for a length of time equivalent to that of the defendant . . . . But those defendants, former defendants, don't have an avenue to come into court and to present circumstances and try to persuade a court to relieve them of that registration requirement. The requirement is a lifetime registration requirement, not a requirement that is reviewed periodically and assessed whether it should be a continuing one.

"The law seems to be that even if a person rehabilitates himself for a substantial period of time, the registration requirement shall continue irrespective of that. So, in effect, the defendant is asking this court to do something that courts can't do for all that might be similarly situated."

After concluding that under *Hofsheier* it had the discretion to determine whether defendant should be subject to lifetime sex offender registration, the

trial court stated that it "is going to exercise its discretion and order that the defendant continue his registration pursuant to [section] 290. [¶] To rule in this fashion is to ignore the rehabilitative efforts that I think this defendant has, in fact, made; but, as the court has stated, other registrants have made those types of efforts and perhaps for an even longer period of time. They are still required under the law to continue that registration. [¶] In any event, the motion to be relieved of registration requirements of [section] 290 in this matter is denied."

## DISCUSSION

A. *The* Hofsheier *Decision*

In *Hofsheier*, the defendant, who was then 22 years old, engaged in voluntary oral copulation with a 16-year-old girl. He pled guilty to felony oral copulation in violation of section 288a, subdivision (b)(1). As a result of his conviction, he was subject to the mandatory lifetime sex offender registration requirement of section 290, former subdivision (a)(1). At the sentencing hearing, defense counsel noted it was ironic that, had the defendant been convicted of statutory rape (§ 261.5), he would not have had to register as a sex offender. On appeal, the defendant contended that the mandatory lifetime sex offender registration requirement violated the equal protection clauses of the federal and state Constitutions, in that someone convicted of unlawful sexual intercourse under the same circumstances would not face mandatory sex offender registration. (*People v. Hofsheier, supra*, 37 Cal.4th at pp. 1193–1194.)

The Supreme Court noted that "both section 288a and section 261.5 follow a pattern of imposing greater punishment on offenses involving younger victims . . . ." (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1195.) "Apart from the mandatory lifetime registration requirement, voluntary sexual acts between a 22-year-old and a 16-year-old—whether oral copulation or sexual intercourse—are treated identically . . . ." (*Id.* at p. 1196.)

The court then observed that section 290, former subdivision (a)(1)(A), provided for mandatory lifetime registration as a sex offender for persons convicted of committing the enumerated offenses, including oral copulation with a minor in violation of section 288a, but not including unlawful sexual intercourse with a minor in violation of section 261.5. (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1196.) However, under former subdivision (a)(2)(E) of section 290, the trial court in its discretion may require registration as a sex offender by persons convicted of committing offenses not enumerated in former subdivision (a)(1)(A) of section 290, provided the offenses were

committed " 'as a result of sexual compulsion or for purposes of sexual gratification.' " (*Hofsheier, supra,* at p. 1197.)[2]

The question before the court thus was whether a mandatory lifetime sex offender registration requirement for an adult convicted of voluntary oral copulation of a minor 16 years old or older but not for an adult convicted of voluntary sexual intercourse with a minor 16 years old or older violates the equal protection clause. (*People v. Hofsheier, supra,* 37 Cal.4th at p. 1198.) The court concluded that it did, in that persons convicted of the two offenses were similarly situated, and there were no rational grounds for treating them differently. (*Id.* at pp. 1199–1207.)

The court then turned to the appropriate remedy for the equal protection violation. It concluded that because the section 290, former subdivision (a)(1)(A), mandatory lifetime sex offender registration requirement could not constitutionally be applied to the defendant, "the matter should be remanded to the trial court so it can determine whether defendant falls within the discretionary registration category described in subdivision (a)(2)(E) of section 290 . . . ; if he does, the trial court may, in its discretion, order defendant to register as a sex offender under that provision." (*People v. Hofsheier, supra,* 37 Cal.4th at pp. 1208–1209, citation omitted.)

B. *Whether* Hofsheier *Applies Here*

The People contend *Hofsheier* does not apply here, because defendant was convicted of violating subdivision (b)(2) rather than (b)(1) of section 288a.[3] We disagree.

Subdivision (b)(1) of section 288a provides that "any person who participates in an act of oral copulation with another person who is under 18 years of age" is guilty of oral copulation. Subdivision (b)(2) of section 288a applies to "any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age."

The People argue that the Supreme Court "deliberately decided *People v. Hofsheier* on narrow grounds," emphasizing "that its holding applied only to the specific crime at issue, that is, oral copulation between an adult offender

---

[2] Section 290 has since been amended. The mandatory lifetime sex offender registration requirements of former subdivision (a)(1)(A) are now found in subdivision (c). (Stats. 2007, ch. 579, § 8.) The discretionary registration requirements are now found in section 290.006. (Stats. 2007, ch. 579, § 14.)

[3] The provisions of the statutes at issue here—sections 288a, 261.5 and 290—have not changed in any way significant to our resolution of the case since the date of defendant's conviction in 1985.

and a 16- or 17-year-old victim, in violation of section 288a, subdivision (b)(1)." While *Hofsheier* may have been decided on narrow grounds, the principles on which the decision rests have broader application.

The crucial issue before the court was whether there is any rational basis for making a distinction between oral copulation and sexual intercourse when determining who must register as a sex offender, all other factors being equal. The Supreme Court concluded there is not. It noted that "[i]f there is no plausible reason, based on reasonably conceivable facts, why judicial discretion is sufficient to protect against repeat offenders who engage in sexual intercourse but not against repeat offenders who engage in oral copulation, then to deny the latter group the recourse of judicial discretion is to deny them the equal protection of the laws." (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1204, fn. 6.)[4]

A person over 21 convicted of oral copulation of a 14 year old in violation of section 288a, subdivision (b)(2), is subject to the mandatory registration requirements of section 290, subdivision (c) (§ 290, former subd. (a)(1)(A)). A person over 21 convicted of unlawful sexual intercourse with a 14 year old in violation of section 261.5 is subject to the discretionary registration requirements of section 290.006 (§ 290, former subd. (a)(2)(E)). If there is no rational reason for this disparate treatment when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a.

C. *The* Hofsheier *Hearing*

Defendant contends the trial court's equal protection analysis was fundamentally flawed and, in fact, denied him equal protection of the law. Specifically, defendant contends the trial court based its equal protection analysis on a hypothetical defendant subject to mandatory lifetime registration requirements who did not have the benefit of the *Hofsheier* decision. By doing so and denying him relief because that hypothetical defendant could obtain no relief, defendant claims, the court denied him the equal protection benefits conferred by *Hofsheier*.

---

[4] In attempting to explain the Legislature's disparate treatment of the two offenses, the court noted that when the Legislature enacted section 290, all oral copulation was criminal. The law has since changed to legalize voluntary oral copulation between adults. The court characterized the mandatory sex offender registration requirements for those convicted of oral copulation as "a historical atavism dating back to a law repealed over 30 years ago that treated all oral copulation as criminal regardless of age or consent." (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1206.) Interestingly, when the Legislature amended section 290 in 2007, it made no change in response to *Hofsheier*, i.e., section 288a is still subject to mandatory sex offender registration while section 261.5 is not.

A careful reading of the trial court's comments shows, however, that the court did not do what defendant claims it did, i.e., deny him relief because a hypothetical defendant who could not benefit from *Hofsheier* could not obtain relief. The trial court's comparison of defendant to that hypothetical defendant was part of its analysis in determining what information to consider when making the decision, pursuant to *Hofsheier*, whether defendant should be subject to lifetime sex offender registration requirements under the discretionary provisions of section 290.006. Because that hypothetical defendant could not have his lifetime registration requirement reversed based on his subsequent good behavior, the trial court concluded that at the *Hofsheier* hearing, it was appropriate to consider only the circumstances that existed at the time of the crime, not defendant's subsequent good behavior or rehabilitative efforts.

The question, then, is whether the trial court erred in its conclusion that it should not consider circumstances subsequent to defendant's conviction in exercising its discretion as to whether defendant should be subject to lifetime sex offender registration. We conclude it did.

Section 290.006 provides: "Any person ordered by any court to register pursuant to the [Sex Offender Registration] Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

■ To require registration under this statute, "the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1197.)

In order to make a discretionary determination as to whether or not to require registration, the trial court logically should be able to consider all relevant information available to it at the time it makes its decision, i.e., at the time of "sentencing." The cases cited by defendant illustrate this point by way of analogy.

In *People v. Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], the question was whether, on remand for resentencing, a new probation

officer's report was required. (*Id.* at pp. 678–679.) The court held that the applicable statute required a new probation officer's report. (*Id.* at p. 682.) It further stated: "In addition to the express language of the statute, the overall purpose and objectives of the law relating to probation are more completely accomplished by requiring current investigations and reports. The declared purpose of a grant of probation is 'that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer. . . .' (Pen. Code, § 1203.1.) . . . 'Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted. . . .' In the instant case the record reveals that the defendants had been at large on bail while their convictions were pending on appeal. Their conduct during that period would bear directly on the question of their 'reformation and rehabilitation' while under restraint of judicial punishment." (*Id.* at pp. 682–683, citations omitted.)

In *People v. Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], the court held a new probation officer's report was required even if the defendant was not eligible for probation. (*Id.* at pp. 6–7.) The court observed that the reasons for requiring a new report set forth in *Rojas* "are even more meaningful . . . with regard to the myriad decisions a trial court must make regarding the length of such a defendant's term of imprisonment." (*Id.* at p. 7.) "[I]f the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*Ibid.*)

*Brady* has since been abrogated to the extent it holds a new probation officer's report is mandatory where a defendant is ineligible for probation. (*People v. Bullock* (1994) 26 Cal.App.4th 985, 989 [31 Cal.Rptr.2d 850].) The rationale behind the *Brady* decision still applies, however: "There may be compelling reasons for ordering a probation report even when the defendant is ineligible for probation. The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing." (*Id.* at p. 990.)

■ One of the purposes of the sex offender registration requirements " ' " 'is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]' " ' [Citations.]" (*People v. Hofsheier, supra*, 37 Cal.4th at

p. 1196.) Where registration is discretionary, then, one consideration before the court must be the likelihood that the defendant will reoffend. Where a *Hofsheier* hearing must be held, information regarding the defendant's behavior since the time of his original sentencing certainly is relevant to the determination as to the likelihood he will reoffend and the necessity for registration. Accordingly, we hold that such information properly is considered.[5]

Since the trial court did not consider this information in exercising its discretion to require defendant to register as a sex offender, we must reverse its order and remand for a new hearing on defendant's motion. At the hearing, the trial court should consider the evidence defendant presented as to his good behavior and rehabilitation.

D. *Entitlement to Jury Trial on Registration Requirements*

Defendant contends he is entitled to a jury trial on the question whether he should be subject to sex offender registration requirements. His contention is without merit.

■ Defendant relies on the *Apprendi-Blakely-Cunningham* line of cases which hold that under the Sixth Amendment to the United States Constitution, the maximum sentence a judge may impose is that permitted by the facts established by the jury verdict or admitted by the defendant, or that which may be based on the defendant's prior convictions. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 120 S.Ct. 2348]; *Blakely v. Washington* (2004) 542 U.S. 296, 303–304 [159 L.Ed.2d 403, 124 S.Ct. 2531]; *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 863–864, 127 S.Ct. 856].) This line of cases deals with punishment. (*Blakely, supra,* at pp. 301, 313.) As noted in *Hofsheier,* however, "sex offender registration is not considered a form of punishment under the state or federal Constitution . . . ." (*People v. Hofsheier, supra,* 37 Cal.4th at p. 1197, citations omitted; see also *In re Alva, supra,* 33 Cal.4th at p. 268; *People v.*

---

[5] With respect to the trial court's concern that other defendants subject to mandatory lifetime sex offender registration are not afforded the opportunity to have their subsequent good behavior or rehabilitation considered, we note that subsequent good behavior or rehabilitation may be considered grounds for relief from the sex offender registration requirements. Section 4852.01 et seq. provide a means by which a convicted felon who has completed his prison term and/or parole, has not reoffended and has exhibited good behavior may obtain a certificate of rehabilitation and/or pardon. These provisions are "part of a statutory scheme that formally recognizes and, to some extent rewards, the rehabilitative efforts of convicted criminals after their sentence is complete." (*People v. Ansell* (2001) 25 Cal.4th 868, 885 [108 Cal.Rptr.2d 145, 24 P.3d 1174].) A certificate of rehabilitation and/or pardon may entitle a defendant to termination of the registration requirement. (*In re Alva* (2004) 33 Cal.4th 254, 265, fn. 4 [14 Cal.Rptr.3d 811, 92 P.3d 311]; *Ansell, supra,* at p. 890; see also § 290.5.)

*Presley* (2007) 156 Cal.App.4th 1027, 1033–1035 [67 Cal.Rptr.3d 826], review den. Feb. 20, 2008.) Thus, the requirements of *Apprendi-Blakely-Cunningham* do not apply to the determination whether to require registration as a sex offender. (See *Presley, supra,* at pp. 1033–1035.)

E. *Ex Post Facto Application of Discretionary Registration Provision*

In 1985 when defendant originally was sentenced, section 290 did not contain the discretionary registration provision later codified in former subdivision (a)(2)(E). (See Stats. 1984, ch. 1419, § 1, p. 4988.) He claims that since the mandatory requirement that he register as a sex offender was void at the time of his sentencing, and the discretionary registration provision was not in existence at that time, he cannot be required to register as a sex offender.

▎ The Supreme Court dealt with ex post facto application of the discretionary registration provision in *People v. Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211]. In that case, former subdivision (a)(2)(E) of section 290 took effect between the time the defendant committed his offenses and the time he was convicted. The trial court ordered the defendant to register as a sex offender under the discretionary provision. (*Castellanos, supra,* at p. 790.) The Supreme Court noted that the constitutional proscriptions against ex post facto laws prohibit imposition of punishment greater than that allowable at the time the crime was committed. (*Id.* at pp. 790–791.) However, "sex offender registration does not constitute punishment for purposes of ex post facto analysis . . . ." (*Id.* at p. 799.) Therefore, the trial court could properly require the defendant to register under the discretionary registration provision. (*Id.* at p. 788.)

Under *Castellanos,* there is no constitutional impediment to imposition of a discretionary requirement that defendant register as a sex offender (§ 290.006), even though that provision was not in existence at the time he committed his crimes and was originally sentenced. Accordingly, the trial court may impose that requirement on remand.

F. *Nunc Pro Tunc Correction of Probation Order*

Finally, defendant contends that the trial court should have considered his request to have his probation designated nunc pro tunc as one ordered pursuant to section 1203.066, subdivision (c). Defendant cites no authority supporting his contention and provides no citation to the record to support his claims that he "met, or could show that he met, all of the requirements of that section." Accordingly, we deem his contention to be waived. (*People v. Cooks* (1983) 141 Cal.App.3d 224, 329 [190 Cal.Rptr. 211]; *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282 [188 Cal.Rptr. 123].)

## DISPOSITION

The order is reversed. The matter is remanded for a new hearing on defendant's motion consistent with our holding herein.

Mallano, Acting P. J., and Rothschild, J., concurred.