Filed 6/28/13  P. v. Musgrave CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOLLY ANNE MUSGRAVE,<br><br>    Defendant and Appellant. | A136434<br><br>(San Mateo County<br>Super. Ct. No. SC074226A) |

Defendant Molly Anne Musgrave was convicted of oral copulation and sexual penetration of a minor.  As part of Musgrave's sentence, the trial court imposed mandatory lifetime sex-offender registration.  On appeal, Musgrave contends that this part of her sentence violated equal protection principles.  We agree.  We reverse the order and remand to the trial court to consider whether discretionary sex-offender registration is appropriate.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Musgrave was 23 years old when, in June 2011, she met a 15-year-old girl through a social networking website.  Although the girl claimed to be 18 years old in her online profile, she informed Musgrave during their first contact that she was actually only 15.  Musgrave and the girl subsequently met "about 20 times" in June.  They engaged in sexual activity, including kissing, touching, digital penetration, and oral copulation.  In

1

August, Musgrave drove the girl to Southern California, where she digitally penetrated her. According to Musgrave, all sexual activity with the 15-year-old girl was consensual.

When the mother of the 15 year old learned of the relationship, she notified San Mateo police, who arrested Musgrave. Musgrave was charged by information with several offenses. She thereafter pleaded no contest under a plea agreement to one felony count of sexual penetration of a minor under 16 by a person over 21 (Pen. Code, § 289, subd. (i))[1] and one felony count of oral copulation of a minor under 16 by a person over 21 (§ 288a, subd. (b)(2)), and the balance of the information against her was dismissed.

The probation department recommended that Musgrave be sentenced to prison for two years (the maximum contemplated by her plea agreement) and that she be required to register as a sex offender under section 290. According to the department, Musgrave "was an active participant in sexually abusing the underage vulnerable victim," "inflicted emotional injury on the child," and "engaged in violent conduct which indicates she is a serious danger to society."

At the sentencing hearing, Musgrave's attorney disagreed with the probation department's assessment, emphasized that the relationship was consensual, suggested that it was the 15 year old's mother (as opposed to the 15 year old) who felt victimized by what happened, and recommended that Musgrave be placed on probation. Counsel also argued that the trial court was not required to impose lifetime sex-offender registration on Musgrave under *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), which held that imposition of mandatory lifetime sex-offender registration for persons convicted of voluntary oral copulation with a 16- or 17-year-old minor violated equal protection. The trial court disagreed that *Hofsheier* applied because that case involved situations where the victims were older than 16, whereas the victim in this case was younger than 16.

The trial court suspended the imposition of sentence, placed Musgrave on five years' supervised probation and ordered that she serve 10 months in jail. The court believed that the proceedings had been "a very educational process" for Musgrave and

---

[1] All statutory references are to the Penal Code.

2

commented that "I don't believe we are ever going to see you [Musgrave] in a situation again where you are engaging in sexual relationships or relations with children." The court nonetheless ordered Musgrave to register as a sex offender under section 290 as a "lifetime registration [requirement] as well as a condition of probation," apparently believing that it lacked discretion not to impose such an order.[2]

One week after filing a timely notice of appeal, Musgrave filed a motion to recall her sentence and again argued that imposing mandatory lifetime sex-offender registration violated her rights to equal protection under *Hofsheier*, *supra*, 37 Cal.4th 1185, this time citing additional cases. The trial court concluded that the motion was procedurally defective because the court was unable to entertain a motion to recall the sentence, and it denied the motion without prejudice to Musgrave filing a motion to modify the terms of her probation.[3]

---

[2] The court stated that registration was ordered as "lifetime registration as well as a condition of probation." The minute order, by contrast, states that lifetime registration was *not* a condition of probation.

[3] Musgrave's appellate attorney has written two letters to this court informing us that, after briefing in this court was complete, the trial court informed the parties that it wanted to reconsider its order imposing sex-offender registration, and invited Musgrave to file a motion to modify probation. (Cf. *People v. Flores* (2003) 30 Cal.4th 1059, 1064 [general rule is that filing notice of appeal vests jurisdiction of cause in appellate court until determination of appeal and issuance of remittitur, thereby divesting trial court of jurisdiction over anything affecting judgment].) Apparently, Musgrave filed such a motion, which the District Attorney did not oppose, and the trial court struck the lifetime sex-offender registration requirement and instead ordered Musgrave to register as a sex offender under section 290.006 (*ante*, § II.B.) for the duration of her probation. We gather from counsel's letter that Musgrave objects to the imposition of sex-offender registration given the trial court's finding at the original sentencing hearing that Musgrave was not likely to reoffend. (See, e.g., *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [purpose of lifetime sex-offender registration is to prevent recidivism]; *People v. King* (2007) 151 Cal.App.4th 1304, 1309 [although court may impose temporary registration requirement as condition of probation, it may not do so under registration statutes, which mandate *lifetime*, as opposed to temporary, registration].) The validity of the trial court's modification order is not currently before us.

## II.
### DISCUSSION

*A. Mandatory Sex-Offender Registration Violates Equal Protection.*

On appeal, Musgrave renews her argument that imposing mandatory sex-offender registration on her pursuant to section 290 violates equal protection under *Hofsheier*, *supra*, 37 Cal.4th 1185. Respondent concedes the point. Because the concession is appropriate, we reverse and remand to the trial court.

As mentioned above, our Supreme Court held in *Hofsheier, supra,* 37 Cal.4th 1185 that imposing mandatory lifetime sex-offender registration on persons convicted of voluntary oral copulation with a 16- or 17-year-old minor (§ 288a, subd. (b)(1)) violated equal protection principles, in the absence of a similar requirement for those convicted of voluntary sexual intercourse with a minor (§ 261.5). (*Hofsheier*, *supra*, 37 Cal.4th at pp. 1207-1209.) Here, Musgrave was convicted of two sex offenses, both of which are subject to the mandatory registration requirements under section 290, subdivision (c). While it is unclear which one of the offenses the trial court relied on in subjecting Musgrave to lifetime registration, imposing this requirement for either one violates equal protection principles.

As for Musgrave's conviction for oral copulation by a person over 21 with a person who is under 16 (§ 288a, subd. (b)(2)), a series of cases have followed *Hofsheier, supra,* 37 Cal.4th 1185 in concluding that mandatory registration for this crime violates equal protection because defendants over 21 convicted of sexual intercourse with a person under 16 would not be required to register. (*People v. Luansing* (2009) 176 Cal.App.4th 676, 678, 685 [30 year old convicted of oral copulation with person under 16]; *People v. Hernandez* (2008) 166 Cal.App.4th 641, 644-645 [22 year old convicted of oral copulation with 14 year old]; *People v. Garcia* (2008) 161 Cal.App.4th 475, 478 [26-year-old defendant engaged in oral copulation with 14 year old]; *Luansing*, *Hernandez*, and *Garcia* disapproved on another ground in *People v. Picklesimer* (2010) 48 Cal.4th 330, 338, fn. 4.) In this case, the trial court focused on the fact that the victim was under 16, whereas in *Hofsheier* the victim was 16. This distinction, however, was

4

rejected in *Luansing*, *Hernandez*, and *Garcia*, which all involved sexual activity with persons under 16. (*Luansing* at pp. 684-685; *Hernandez* at p. 651; *Garcia* at pp. 481-482.) "If there is no rational reason for [the] disparate treatment [of persons convicted of oral copulation and persons convicted of sexual intercourse] when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger . . . ." (*Garcia* at p. 482.) We agree.

As for Musgrave's conviction for sexual penetration by a person older than 21 with a person under 16 (§ 289, subd. (i)), we find *People v. Ranscht* (2009) 173 Cal.App.4th 1369 persuasive. There, defendant was convicted of sexually penetrating a minor under 18 in violation of section 289, subdivision (h). (*Ranscht* at p. 1371.) The court held that imposing mandatory sex-offender registration for this offense violated equal protection because defendants convicted of unlawful sexual intercourse with a victim the same age would not be subject to mandatory registration. (*Id.* at p. 1375.) Here, if Musgrave had been convicted of unlawful sexual intercourse with a 15 year old, she would not have been subject to mandatory sex-offender registration. Thus, we agree with the parties that under *Ranscht*, mandatory registration for sexual penetration violates equal protection. We therefore order that mandatory sex-offender registration under section 290 be stricken.

### B. Discretionary Registration.

Notwithstanding our reversal of mandatory registration, the trial court retains discretion to impose a requirement to register as a sex offender under section 290.006, which provides that a person shall be ordered to register for any offense not specified in section 290, subdivision (c) " 'if the court finds . . . that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.' . . . [T]he trial court must state on the record the reasons for its findings and the reasons for requiring registration." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197 [interpreting former § 290, subd. (a)(2)(E)].) To require registration under this statute, "the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these

findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Ibid.*) "Most importantly, the trial court must consider the likelihood defendant will reoffend." (*People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431; see also *People v. Garcia*, *supra*, 161 Cal.App.4th at p. 485.) We leave it to the trial court to exercise its discretion whether such a finding can be made in light of its comments at the original sentencing hearing that it did not believe that Musgrave would reoffend. On remand, evidence of Musgrave's behavior since the time of the original sentencing hearing is relevant in determining the likelihood of reoffense and the necessity for registration and should be considered. (*Garcia* at p. 485.)

## III.
### DISPOSITION

The trial court's order imposing mandatory sex-offender registration on Musgrave under section 290, subdivision (c) is reversed. The matter is remanded to the trial court to determine whether to require Musgrave to register as a sex offender under section 290.006.


_____
Humes, J.


We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.