Filed 8/28/14  P. v. Torres CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RAUL TORRES, JR.,<br><br>        Defendant and Appellant. | B248821<br>(Los Angeles County<br>Super. Ct. No. MA019362) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

———

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

———

Raul Torres, Jr., appeals from the order denying his petition for a writ of mandate requesting relief from lifetime registration as a sex offender. Because the trial court did not abuse its discretion in denying the writ, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

A six-count information, filed on January 29, 2000, charged Torres with (1) continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a)[1]) (count 1); (2) exhibiting harmful matter to a minor (§ 288.2, subd. (a)) (count 2); (3) oral copulation with a person under the age of 16 (§ 288a, subd. (b)(2)) (counts 3 and 5); (4) sexual penetration with a person under the age of 16 (§ 289, subd. (i)) (count 4); and (5) sexual penetration with a person under the age of 18 (§ 289, subd. (h)) (count 6). All counts stemmed from Torres's alleged sexual molestation of his stepdaughter beginning when she was 11 years old and continuing three to five times a year until she was 17 years old. Torres pleaded not guilty to all counts.

The jury found Torres guilty on counts 3 and 4 and not guilty on count 2. It was unable to reach a verdict on counts 1, 5 and 6, which the trial court later dismissed pursuant to section 1385. The trial court sentenced Torres to two years in state prison for count 3, suspended imposition of sentence on count 4 and ordered lifetime annual registration as a sex offender pursuant to section 290. In 2005, Torres failed to register as a sex offender and returned to prison for a period of time for that offense.

On May 8, 2012, Torres filed a petition for writ of mandate in the trial court seeking relief from lifetime registration as a sex offender. The court appointed a psychologist to examine whether Torres was likely to commit sexual offenses in the future. The psychologist concluded that Torres had molested his stepdaughter for the purpose of sexual gratification, based on deficient judgment and impulse control, but likely was not a pedophile as of the date of the assessment. The psychologist found Torres's failure in 2005 to register as a sex offender constituted a high risk factor. According to the psychologist, Torres "presents as tense and guarded and denies any

---

[1] Statutory references are to the Penal Code.

2

sexual misconduct or sexual interest in children. He tested as self-centered, psychologically naïve, defensive and histrionic. He may appear clever to casual acquaintances, but his more testy and demanding side is likely to be seen by those who have enduring relationships with him." Torres "distanced himself from responsibility for the crimes he was convicted of, and seemed quite defensive and removed from his feelings[,]" denying commission of the crimes and blaming the victim. Under actuarial measures of sexual recidivism Torres fell in the low risk category associated with rates of well below five percent in five years. In addition, no evidence presented of a psychiatric disturbance, Torres had no other prior history of sexual misconduct and he lacked criminological risk factors associated with repeat offenses.

The trial court denied Torres's writ petition, finding that Torres's molestation of his stepdaughter was for the purpose of sexual gratification and that continued registration would protect the public. The court found it significant that the molestation began when the stepdaughter was only 11 years old and continued for six years. The court concluded that the below five percent risk of recidivism based on the standardized test was "not the only determining factor" and determined from the psychologist's report that Torres had "no insight into the wrongfulness of his conduct," denied the molestation, blamed the stepdaughter, suffered from "deficient impulse control" and seemed "very suspicious." According to the court, "I believe that [Torres] committed th[e] offense[s] as a result of sexual compulsion for sexual gratification in his home, and I think to protect public safety that registration is appropriate in this case. Yes, he scores well, but . . . that's not the only determining factor, also consider the facts of the crime, he denies any sexual misconduct. [The psychologist's] report [states] that . . . he molested the girl for six years beginning at age 11. He has deficient impulse control. He denies the crime; the jury convicted him, so he has no insight into the wrongfulness of his conduct, basically blames the victim, says the victim set him up. He thinks that psychological problems are a sign of emotional weakness. And he's very suspicious. [The psychologist] says he doubts pedophilia at this time but maybe at the time he did this it was. And he flatly

denies there was a crime and he blames the victim. I think those are all appropriate bases to keep him." Torres timely appealed from the order denying his petition.

## DISCUSSION

For certain sexual offenses, the trial court may in its discretion require lifelong registration if it (1) finds the defendant committed the offense due to "sexual compulsion" or "for purposes of sexual gratification" and (2) states its reasons for its findings and requiring lifetime registration. (§ 290.006; *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197.) The court "should . . . consider all relevant information available to it" and based on that information assess the "likelihood that the defendant will reoffend" and the "necessity for registration." (*People v. Garcia* (2008) 161 Cal.App.4th 475, 483-485, disapproved on other grounds by *People v. Picklesimer* (2010) 48 Cal.4th 330, 338-339, fn. 4; see also *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431.) Ultimately, the "statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Hofsheier*, at p. 1197.)

Torres argues that the trial court abused its discretion by denying his writ petition requesting relief from lifetime registration, contending that no evidence exists that he is likely to reoffend. We disagree. The court acted within its discretion by concluding that the offenses were committed based on sexual compulsion or sexual gratification and that lifetime registration was necessary. (*People v. Garcia*, *supra*, 161 Cal.App.4th at pp. 483-485.) The court recognized the low risk determinations based on the actuarial measures, but ultimately found that was "not the only determining factor" and instead listed other factors it believed pointed to a necessity for registration, including Torres's "deficient impulse control," the circumstances of the convictions, the victim's young age and the long duration of the alleged molestation. Based on a consideration of this relevant information (*Garcia*, at p. 483) and a weighing of the factors (*People v. Hofsheier*, *supra*, 37 Cal.4th at p. 1197), the court did not abuse its discretion in denying Torres's petition. (See *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067 [under abuse of discretion standard "reviewing court should interfere only ''if [it] find[s] that under all

4

the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did"'"].)**[2]**

Torres also contends that the trial court erred by considering information that related to counts on which the jury had either found him not guilty or failed to reach a verdict. Although punishments are limited to consideration of facts found true by a jury, "'sex offender registration is not . . . a form of punishment'" (*People v. Picklesimer*, *supra*, 48 Cal.4th at pp. 343-344; *People v. Presley* (2007) 156 Cal.App.4th 1027, 1032-1033) and a court in a registration hearing should consider all relevant information available to it (*People v. Garcia*, *supra*, 161 Cal.App.4th at pp. 483-485). Accordingly, contrary to Torres's contention, the court properly could consider all relevant information, even if the jury did not find Torres guilty on all counts.

---

**[2]**     The trial court in denying Torres's petition also relied on his denial of the molestation, blaming of the victim and inability to grasp the wrongfulness of his conduct. Under the circumstances of this case, in which Torres simply denied the crime, those factors standing alone would not support denial of the writ petition. Nevertheless, because the court's decision is not an abuse of discretion without consideration of those factors, we need not decide the import, if any, of those factors to a determination of whether to require lifetime registration.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:



JOHNSON, J.



MILLER, J.*

---

\*     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.