Filed 5/6/15  P. v. Valle CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066298 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN314249) |
| JUAN VALLE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Arlene A. Sevidal and Sean M. Rodriguez, Deputy Attorney General for Plaintiff and Respondent.

Juan Valle appeals a trial court order requiring him to register as a sex offender for a violation of Penal Code section 288.3, subdivision (a).[1] On appeal, Valle contends that requiring (1) mandatory sex offender registration pursuant to section 290 violates his right to equal protection under the California and United States Constitutions, and (2) discretionary sex offender registration pursuant to section 290.006 is improper because the evidence shows he is not a threat to public safety and is not likely to reoffend.

We need not address Valle's equal protection argument because we find that the trial court did not abuse its discretion in requiring Valle to register as a sex offender in accordance with section 290.006.[2] There is sufficient evidence in the record to establish that the crime was committed as a result of sexual compulsion or for purposes of sexual gratification and that Valle is apt to be a repeat offender. We therefore affirm the trial court's order.

FACTUAL BACKGROUND

In 2012, Valle was convicted of contacting a minor with the intent of committing a sexual offense. (§ 288.3, subd. (a).) Valle, 36 years old, first contacted the 16-year-old victim via Facebook. Valle's Facebook post to the victim stated, "I'm horny for you, [victim]. Could we fuck? I need you so bad. That how much I miss you. I want to get you so horny and lick the tip of your pussy and suck your big tits. So we could get it on."

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] We note that the principal cases on which Valle relies in support of his equal protection argument were overruled by the California Supreme Court in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871. A petition for rehearing was filed on February 9, 2015 and denied on April 22, 2015.

In phone conversations, Valle stated that he wanted to shower with her, lick her all over, "bang" her and "fuck" her. He suggested they get a hotel room and have sex all day, told her that he wanted her to be his girlfriend, and that he loved her. Valle asked the victim for her address and tried to get her to meet him.

In 2009, Valle was convicted of sexual battery, touching an intimate part of another person against their will for the purpose of sexual arousal or sexual gratification. (§ 243.4, subd. (e)(1).) The incident occurred in the smoking area outside of a hospital and involved a 31-year-old female. After smoking and conversing about their heritage, Valle stated, "If I was your man, I would be touching you here," and proceeded to caress her cheeks. Although the victim backed away, Valle said, "But I would be touching you here," and stroked both of her shoulders. When the victim turned to walk away, Valle stated, "or I'd be holding you this way," and hugged her from behind, touching her stomach and the "bottom portion of her breasts, twice."

PROCEDURAL BACKGROUND

Prior to the sentencing hearing for the 2012 conviction, Valle filed a motion asking the court to decline to order sex offender registration pursuant to sections 290 or 290.006. At the hearing, the court found that sex offender registration was mandatory and discretionary registration was also proper. Valle appeals.

DISCUSSION

The Penal Code allows for the imposition of a lifetime registration requirement on sex offenders. (§ 290 et seq.) The registration requirement is mandatory for a defendant convicted of a statutorily specified sex offense (§ 290, subd. (c)), and is discretionary for

3

a defendant convicted of any other offense. (§ 290.006.) Section 290.006 allows a court to impose the discretionary registration requirement if (1) the court finds that the defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification," and (2) the court states on the record reasons for its findings and for requiring sex offender registration. Accordingly, as long as the trial court follows this two-step process and is able to articulate reasons for finding that a crime was committed as a result of sexual compulsion or for sexual gratification and reasons why registration is, in the court's view, required, a defendant may be subject to lifetime sex offender registration. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197-1198 (*Hofsheier*).)

In making a discretionary determination, a trial court is permitted to consider all relevant information available to it at the time of sentencing (*People v. Garcia* (2008) 161 Cal.App.4th 475, 483) and weigh the reasons for and against requiring lifetime registration. (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) However, because the purpose of sex offender registration is to keep track of persons likely to commit sexual offenses in the future, one of the reasons for requiring discretionary registration must be that the defendant is likely to reoffend. (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78.)

A trial court's decision to exercise its discretion to require lifetime sex offender registration pursuant to section 290.006 is reviewed for an abuse of discretion. (*People v. Jordan* (1986) 42 Cal.3d 308, 319.) An appellate court will not interfere with a discretionary ruling unless it finds that the trial judge "exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*Id.* at p. 316.)

4

In the instant case, the trial court satisfied the first step required by section 290.006 by finding that the offense was committed as a result of sexual compulsion or for purposes of sexual gratification. The judge stated, "obviously this case was sexually motivated. When you look at the wording of the posting on Facebook, there's no question that there was some sort of sexual compulsion or sexual purpose behind that attempt to meet up with the victim in this case. So it was certainly sexually motivated and for purposes of sexual gratification . . . ."

The trial court also complied with the second step by stating its reasons for requiring registration. The judge explained, "when the Court weighs the reasons for and against the registration requirement, the Court is mostly -- well, the Court places great weight on the prior conviction. This was a sexually-related offense, and if there was ever a wake-up call, that should have been it. And I believe that Mr. Valle has . . . issues with impulse control, and therefore if it was not mandatory, the Court would impose it under 290.006 after weighing and considering the facts of the case, and therefore, the Court will order the 290 registration." From this statement, it is evident that the judge found that Valle's conviction for a previous sexual offense and issues with impulse control, in light of the facts of the current conviction, demonstrated Valle is likely to be a repeat offender, making discretionary registration proper as well. Because the facts and reasons articulated by the trial court on the record justify registration under section 290.006, there is no indication that the sentencing judge exercised its discretion in an arbitrary, capricious or absurd manner.

Nonetheless, Valle claims the trial court ignored evidence in the probation report suggesting minimal intervention would reduce his risk of recidivism and evidence that his behavior was typical of someone who is cognitively impaired,[3] not a sexual predator.

Valle's arguments are unpersuasive for several reasons. First, the record shows that the trial court considered all of the evidence, including the probation report and his disability. At the sentencing hearing, the judge specifically stated, "the Court has already read and considered the probation report that was filed with the Court." Right before sentencing, the judge reiterated, "the court has read and considered the probation report." Regarding his disability, the judge added, "The Court obviously sat through this trial and the Court is well aware of the level of functioning of the defendant."

Second, Valle misconstrues the significance of any particular finding in the probation report, because a trial court is permitted to consider all pertinent information available to it at sentencing and the report also contained ample information weighing in favor of registration. As Valle points out, the report stated that the "intellectually disabled are a sweet, kind, and sensitive group of individuals . . . [that] are sometimes promiscuous and display sexually inappropriate behaviors in public" and recommended probation. According to the report, the COMPAS (Correctional Offender Management Profiling for Alternative Sanctions) assessment tool suggested that Valle was likely to be successful with minimal intervention, and Valle scored a 3 on the Static-99R Risk

---

3    Valle's social worker testified that Valle is "intellectually challenged" and functions at the level of a 15 or 16 year old.

6

Assessment test, putting him in the "low to moderate Risk Category for being convicted of another sexual offense."

However, the probation report specifically stated that Valle's "sex-related convictions as an adult are increasing in seriousness" and recommended sex offender treatment, intensive supervision by a sex offender unit, and mandatory registration. The probation officer further opined that Valle will pose a "challenge for the treatment provider and supervision officer," and suggested three years probation instead of the minimum of 18 months. Moreover, the tests intended to measure the risk of recidivism are only two of many factors that a judge is entitled to weigh in deciding whether to impose discretionary registration and do not necessarily mean that registration is not warranted, especially in the face of evidence to the contrary.

The most significant evidence validating the trial court's determination are facts in the record showing Valle is likely to commit future sexual offenses. This case is unlike *Lewis v. Superior Court, supra,* 169 Cal.App.4th 70, 78-79 in which the Court of Appeal concluded that the record did not support a finding that defendant was apt to be a repeat offender or to prey on young girls. In *Lewis*, the underlying sexual offense was oral copulation with a minor. (*Id.* at p. 73.) It involved an encounter with a 17 year old when the defendant was 22 years old, and there was no evidence of force or coercion. (*Id.* at p. 79.) The court stated that the victim was "not so young as to suggest" that the defendant "had been compelled to act on account of her youth." (*Ibid.*) Additionally, because in the 20 years since his conviction the defendant had not committed a sexual offense or even a similar offense requiring registration, the court concluded there was no

7

basis for imposing discretionary registration pursuant to section 290.006. (*Lewis, supra,* at p. 79.)

In contrast, here, the evidence showed that Valle was intent on pressuring and coercing the victim to perform sexual acts. The probation report stated that the "manner in which the crime was carried out demonstrated criminal sophistication on the part of [Valle] in that his ongoing internet and telephone contact with the victim continued for over a month." He called the victim approximately 19 times, had four to five phone conversations with her, and there were weeks of messages going back and forth on Facebook. Valle's behavior only came to a stop because the police intervened.

There was also evidence that Valle is attracted to young girls. The victim told Valle she was 16 years old and in high school, and Valle, 36 years old, told her that "he had heard sex with teenagers was really good and mentioned how he wondered what it would be like to have sex with a 16 year old." Valle said he was going to meet her at a school field trip at the beach, and the victim believes he attempted to contact two other high school students. Valle also had 13 other high school students on his Facebook friend list.

Moreover, Valle was convicted of two sexual offenses in a span of three years, one in 2009 and one in 2012, establishing a pattern of sexually offensive behavior. We agree with the trial court that Valle's previous 2009 conviction should have been a "wake-up call." Finally, at the sentencing hearing, Valle's social worker confirmed that Valle needs therapy for "emotional regulation" and to "improve impulse control."

8

Given the totality of the evidence, Valle's previous conviction for a sexual offense, and his impulse control issues, we find that the sentencing judge reasonably concluded that Valle is likely to commit future sexual offenses and discretionary registration was appropriate. Because the trial court complied with the two-step inquiry set forth in section 290.006 and its findings and reasons for requiring registration are supported by the record, the court did not act in an arbitrary, capricious, or patently absurd manner. Therefore, the trial court did not abuse its discretion in imposing registration pursuant to section 290.006.

## DISPOSITION

The trial court's order is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.