Filed 6/30/15  P. v. Holtkamp CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049887 |
| v. | (Super. Ct. No. 13WF1977) |
| BRIAN JAMES HOLTKAMP, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert R. Fitzgerald, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

INTRODUCTION

Defendant Brian James Holtkamp pled guilty to one count of unlawful sexual intercourse with a minor more than three years younger than himself. The trial court imposed a lifetime sex offender registration requirement on defendant. Defendant argues that the registration requirement is a punishment, due to the residency restrictions applicable to those persons subject to sex offender registration, and, therefore, under *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, a jury was required to make the findings supporting the discretionary registration requirement. The California Supreme Court recently rejected that very argument (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048); we therefore affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant pled guilty to engaging in unlawful sexual intercourse with a minor more than three years younger than himself, in violation of Penal Code section 261.5, subdivision (c). Defendant's written allocution reads: "I offer the following facts as the basis for my guilty plea: [¶] In Orange County, California, on and between August 1, 2012 and September 30, 2012, I unlawfully engaged in an act of sexual intercourse with Jane Doe who was a minor under 18 years of age and more than three years younger than me and we were not married."

The trial court suspended imposition of sentence, and placed defendant on five years' formal probation, on the condition that he serve 365 days in custody, with credit for time served. Pursuant to Penal Code section 290.006, the court imposed a lifetime sex offender registration requirement on defendant. Defendant filed a timely notice of appeal.

2

DISCUSSION

Those persons convicted of certain specified sex crimes are required to register as sex offenders when living, working, or attending school in California. (Pen. Code, § 290, subds. (b), (c).) The trial court may order sex offender registration on those persons who have not been convicted of a crime listed in Penal Code section 290, subdivision (c), if the court finds the defendant committed the offense "as a result of sexual compulsion or for purposes of sexual gratification." (Pen. Code, § 290.006.) Discretionary registration under Penal Code section 290.006 requires the trial court to "engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.) The trial court must "consider all relevant information available to it" (*People v. Garcia* (2008) 161 Cal.App.4th 475, 483, disapproved on other grounds in *Johnson v. Department of Justice*, *supra*, 60 Cal.4th 871), and use that information to assess the "likelihood [the defendant] will reoffend and the necessity for registration" (*People v. Garcia*, *supra*, at p. 485).

The People's sentencing brief identified the following justifications for imposing lifetime sex offender registration on defendant:

"1) Defendant committed this offense for purposes of sexual gratification in that he engaged in sexual intercourse with an underage victim as well as sexual compulsion in that he pressured an extremely reluctant underage victim into sexual intercourse;

"2) Both the Orange County Probation and Sentencing report and Dr. Veronica Thomas, a license[d] clinical and forensic psychologist who conducted a psychosexual evaluation on Defendant, recommend the imposition of lifetime sex offender registration for Defendant;

3

"3)  While Defendant is charged with consensual unlawful  intercourse, the facts as established by the Probation and Sentencing Report, reveal that Defendant pursued a young teenage girl beginning when she was fourteen years old and pressured her into sexual intercourse despite her repeated protests that she did not wish to engage in sexual intercourse;

"4)  Defendant cut off his GPS monitoring device when he was on probation for a sexual offense so that he could evade probation officers and probation supervision;

"5)  Defendant has engaged in a pattern of molesting very young children over a lengthy period of time which, according to Dr. Thomas, suggests his behavior is probably compulsive;

"6)  Dr. Thomas concluded that, due to his specific victimology, Defendant is at a substantial statistical risk for sexual reoffending;

"7)  His reporting to Dr. Thomas of using pornography and looking at child pornography suggests that he has ongoing psychological needs that compel him to act in ways that put children at risk of sexual and psychological harm;

"8)  Per Dr. Thomas, despite a fair amount of good psychological treatment and probation supervision that Defendant has already been involved with, he lacks sufficient impulse control and insight to presently operate independently in the community and remains vulnerable to untoward behaviors and sexual reoffending;

"9)  Defendant thus remains an on-going threat to the community, is prone to future sexual reoffending, and registration pursuant to Penal Code Section 290.006 is necessary to protect the public and prevent Defendant from re-offending."

At the sentencing hearing, the trial court based its decision to impose lifetime sex offender registration on defendant on the factors identified in the People's sentencing brief:  "The defendant admitted that he had sexual intercourse inappropriately and unlawfully. . . . So it's clear to me that if you have sex with an individual, you do it

4

for sexual gratification.  The court does so find.  And I have made the finding of 1 through 9 as represented by the prosecution as reasons for that."

Sex offender registration is not punishment (*Smith v. Doe* (2003) 538 U.S. 84, 105-106; *People v. Hofsheier*, *supra*, 37 Cal.4th at p. 1197), and the requirement that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (*Apprendi v. New Jersey*, *supra*, 530 U.S. at p. 490) therefore does not apply (*People v. Picklesimer* (2010) 48 Cal.4th 330, 343-344).

In 2006, Proposition 83, as approved by voters, General Election (Nov. 7, 2006), added residency restrictions for registered sex offenders, prohibiting them from living within 2,000 feet of a school or park where children gather.  (Pen. Code, § 3003.5, subd. (b).)  Defendant argues that because of the residency restrictions applicable to registered sex offenders, the registration requirements are punitive in nature, and a jury was required to make the findings supporting the registration in this case.

In *People v. Mosley*, *supra*, 60 Cal.4th at page 1048, the California Supreme Court rejected the argument made by defendant in this case, and concluded, "[i]f a *judge* makes the findings underlying his or her discretionary order that a convicted criminal defendant must register as a sex offender, . . . the order [is not] invalid under *Apprendi* insofar as it includes registered sex offender *residency restrictions* imposed by Proposition 83."  First, the court considered *Oregon v. Ice* (2009) 555 U.S. 160, which had held that the right to a jury trial must be viewed in light of the right to a jury trial when the United States Constitution was adopted.  (*People v. Mosley*, *supra*, at pp. 1049-1050.)  Because sex offender residency restrictions are a modern device and were not issues historically decided by juries, it is not necessary that a jury make the factual findings supporting them, pursuant to *Apprendi v. New Jersey*.  (*People v. Mosley*, *supra*, at p. 1050.)

5

Second, the court concluded that residency restrictions are not punitive for purposes of *Apprendi v. New Jersey* because their purpose is to protect the public, "not to exact retribution, or to deter by threat of sanction." (*People v. Mosley*, *supra*, 60 Cal.4th at p. 1050.)

Third, and finally, the court held that sex offender registration would be permissible based on only the trial court's findings, even if the residency restrictions under Proposition 83 required that the jury make the findings. (*People v. Mosley*, *supra*, 60 Cal.4th at p. 1050.)

Both defendant and the Attorney General acknowledge that this court is bound by the California Supreme Court's opinion in *People v. Mosley*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

DISPOSITION

The judgment is affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

THOMPSON, J.

6