[No. D052811. Fourth Dist., Div. One. May 15, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BRYLAN RANSCHT, Defendant and Appellant.

Counsel

John Evan Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janet Neeley and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**McINTYRE, J.**—In this case we address whether the California Supreme Court's holding in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), that subjecting an offender convicted of voluntary oral copulation with a 16-year-old minor to mandatory lifetime sex offender registration violates equal protection, applies equally to an offender convicted of voluntary sexual penetration of a 13-year-old minor. We conclude that mandating lifetime sex offender registration for an offender convicted of sexually penetrating a 13-year-old minor violates equal protection because a similarly situated offender convicted of unlawful sexual intercourse with a victim the same age would not face mandatory lifetime registration. In doing so, we decline to follow the reasoning set forth in *People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] (*Manchel*). Accordingly, we reverse and direct the trial court to exercise its discretion to determine whether defendant should be required to register as a sex offender.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2000, then 17-year-old Brylan Ranscht met the victim, then 12-year-old Emma H., and the two entered into a mutual romantic relationship. Ranscht and Emma's relationship became physical, and in late 2000 and early 2001, then 18-year-old Ranscht digitally penetrated Emma's vagina on two separate occasions. Emma was 12 or 13 years old on the dates of these events.

In 2006, Emma revealed to her therapist that she had engaged in sexual conduct with Ranscht in 2000 and 2001. At her parents' behest, Emma reported the incidents to the police. The district attorney charged Ranscht with four counts of lewd and lascivious acts on a child under 14 years of age in violation of Penal Code section 288, subdivision (a) and two counts of sexually penetrating a minor in violation of Penal Code section 289, subdivision (h). (All statutory references are to the Penal Code.)

In November 2007, Ranscht pleaded guilty to one count of sexually penetrating a minor in violation of section 289, subdivision (h). The trial court dismissed the remaining counts pursuant to the plea agreement. Ranscht's counsel objected to the mandatory section 290, subdivision (c) sex offender registration requirement, arguing that the California Supreme Court's decision in *Hofsheier* vested the court with discretion to determine whether to require registration for Ranscht's violation of section 289, subdivision (h). The court, finding *Hofsheier* inapposite, declined to exercise its discretion. The court sentenced Ranscht to probation and directed that he register as a sex offender.

## DISCUSSION

■ The United States and California Constitutions entitle all persons to equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances." (*People v. Romo* (1975) 14 Cal.3d 189, 196 [121 Cal.Rptr. 111, 534 P.2d 1015].) A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549], original italics.) Even if the challenger can show that the classification differently affects similarly situated groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose. (*Weber v. City Council* (1973) 9 Cal.3d 950, 958–959 [109 Cal.Rptr. 553, 513 P.2d 601].)

In *Hofsheier*, the 22-year-old defendant pleaded guilty to voluntary oral copulation with a 16-year-old minor in violation of section 288a, subdivision (b)(1). (*Hofsheier, supra,* 37 Cal.4th at p. 1192.) On appeal, the defendant contended requiring him to register as a sex offender denied him equal protection because a person convicted of voluntary sexual intercourse under section 261.5, subdivision (c) with a minor of the same age would not face mandatory sex offender registration. (*Hofsheier*, at p. 1194; see § 290, subd. (c).) The court held "[t]he only difference between the two offenses [was] the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors '[were] sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justif[ied] the unequal treatment.' " (*Hofsheier, supra,* 37 Cal.4th at p. 1200, quoting *People v. Nguyen* (1997) 54 Cal.App.4th 705, 715 [63 Cal.Rptr.2d 173].)

The *Hofsheier* court then considered whether a rational basis existed for requiring the defendant to register as a sex offender "but not [requiring registration] of a person convicted of voluntary sexual intercourse with a minor of that age." (*Hofsheier, supra*, 37 Cal.4th at p. 1201.) Recognizing that the registration provision's purpose was to protect the public against recidivists (*id.* at p. 1204, fn. 6), the court concluded that adults convicted of voluntary oral copulation with 16- or 17-year-old adolescents did not "constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders" (*id.* at pp. 1206–1207). Accordingly, the court held the statutory disparate treatment of oral copulation and unlawful sexual intercourse in section 290 violated equal protection as applied to adults convicted of voluntary oral copulation with 16- or 17-year-old adolescents. (*Hofsheier, supra*, 37 Cal.4th at p. 1207.)

In *Manchel*, the Second District Court of Appeal declined to apply this holding to a defendant convicted of voluntary oral copulation of a 15-year-old minor more than 10 years the defendant's junior. (*Manchel, supra*, 163 Cal.App.4th at p. 1114.) The defendant argued that, like the *Hofsheier* defendant, he was similarly situated to an offender convicted of unlawful sexual intercourse, and that no rational basis existed for subjecting the two groups to different sex offender registration requirements. (*Id.* at p. 1112.) The Second District rejected this argument and focused instead on an offense that the defendant *could have* been convicted of had he engaged in sexual intercourse rather than oral copulation with his victim. (*Id.* at pp. 1113–1114.) Because the defendant's victim was 15 years old and more than 10 years younger than he was, the court concluded that he *could have* been convicted of lewd and lascivious acts on a child under section 288, subdivision (c)(1) if he had engaged in sexual intercourse with his victim, thus subjecting him to mandatory registration. (*Manchel, supra*, 163 Cal.App.4th at p. 1114; see § 290, subd. (c).) By this judicial sleight of hand, the court determined that the defendant could not establish a similarly situated group not subject to mandatory registration and that his inability to make this threshold showing doomed his equal protection claim. (*Manchel, supra*, 163 Cal.App.4th at p. 1115.)

However, *Manchel*'s holding rests on the erroneous proposition that a person who engages in unlawful sexual intercourse with a minor under section 261.5 *necessarily* violates section 288, subdivision (a) or subdivision (c)(1) if the minor is less than 14 years old or if the minor is 14 or 15 years old and the offender is at least 10 years older, respectively. This assumption overlooks the fact that unlawful sexual intercourse is a general intent offense (*People v. Pitts* (1990) 223 Cal.App.3d 606, 876 [273 Cal.Rptr. 757]) whereas convictions under section 288, subdivision (a) or subdivision (c)(1) require the specific intent to "arous[e], appeal[] to, or gratify[] the lust, passions, or sexual desires of [the offender] or the child." (§ 288, subd. (a).) (See *People v.*

*Anderson* (2008) 168 Cal.App.4th 135, 142 [85 Cal.Rptr.3d 262] [refusing to apply *Hofsheier* to defendant convicted of committing a lewd act on a child, which requires specific intent].) In *People v. Pearson* (1986) 42 Cal.3d 351, 356 [228 Cal.Rptr. 509, 721 P.2d 595], the California Supreme Court pointed out that an offender could commit sodomy—also a general intent offense—without simultaneously violating section 288. "For example, an act of sodomy can be committed for wholly sadistic purposes, or by an individual who lacks the capacity to form the required specific intent." (*Pearson*, at p. 356.) Similarly, unlawful sexual intercourse committed without specific intent to "arous[e] . . . the lust, passions, or sexual desires of [the offender] or the child" would violate section 261.5 without simultaneously violating section 288. (§ 288, subd. (a).) Moreover, the *Manchel* court ignores the possibility that the district attorney might offer, and an offender might accept, a plea to violating section 261.5 specifically to avoid the threat of mandatory sex offender registration. Thus, an offender who engages in unlawful sexual intercourse with a minor within section 288's age limits does not necessarily face mandatory sex offender registration as *Manchel* suggests.

■ We also believe the *Manchel* holding reads too much into the Supreme Court's statement that it was "not . . . concerned with persons convicted of a crime involving a forcible sexual act, or one involving a victim under the age of 14, because all such persons must register as sex offenders irrespective of whether they engaged in oral copulation or sexual intercourse." (*Hofsheier, supra,* 37 Cal.4th at p. 1198.) This statement addresses facts not before the Supreme Court and appears little more than a "general observation[] unnecessary to the decision." (*Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, 1301 [77 Cal.Rptr.2d 296] (*Fireman's Fund*).) While we acknowledge that we are bound by the Supreme Court's precedent (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456 [20 Cal.Rptr. 321, 369 P.2d 937]), we are also cognizant that we are not bound by dicta (*Fireman's Fund, supra,* 65 Cal.App.4th at p. 1301). We do not believe that the Supreme Court intended the above quoted passage to rise to the level of a statement of law capable of contradicting *Hofsheier*'s central holding.

Ultimately, the *Manchel* court's logic eludes us. It would have us completely ignore the crime of which a defendant is convicted and look instead to all of the crimes of which a defendant *could have* been convicted based on his conduct. This holding overlooks *Hofsheier*'s plain language, which focused on "persons who are *convicted* of voluntary oral copulation . . . , as opposed to those who are *convicted* of voluntary intercourse with adolescents in [the] same age group." (*Hofsheier, supra,* 37 Cal.4th at pp. 1206–1207, italics added.)

Consistent with *Hofsheier*, we think the more appropriate course is to focus on the offense of which the defendant was *convicted*, as opposed to a hypothetical offense of which the defendant *could have* been convicted based on the conduct underlying the charge. "This approach jibes with the mandatory registration statutes themselves, which are triggered by certain convictions . . . , and not by the underlying conduct of those offenses per se." (*In re J.P.* (2009) 170 Cal.App.4th 1292, 1299 [89 Cal.Rptr.3d 17]; see *Hofsheier, supra,* 37 Cal.4th at p. 1196 ["Section 290 requires anyone *convicted* of certain sex offenses to register for life as a sex offender." (Italics added.)].) Courts which have applied *Hofsheier* beyond section 288a, subdivision (b)(1) have similarly focused on the offense to which the defendant challenging the mandatory registration requirement pleaded, without looking to the underlying acts. (See *People v. Hernandez* (2008) 166 Cal.App.4th 641, 651 [83 Cal.Rptr.3d 29]; *People v. Garcia* (2008) 161 Cal.App.4th 475, 482 [74 Cal.Rptr.3d 681].)

■ Under this approach, Ranscht is similarly situated with an offender convicted of unlawful sexual intercourse with a 13-year-old victim. Section 290.006 vests the trial court with discretion over whether to order the latter offender to register as a sex offender. The only factor distinguishing Ranscht from this similarly situated offender not subject to mandatory registration is the nature of the sexual act implicated by the offense to which Ranscht pleaded guilty. Accordingly, application of section 290, subdivision (c)'s mandatory registration provision to Ranscht would violate his constitutional right to equal protection of the laws.

## DISPOSITION

The order of the trial court imposing mandatory sex offender registration on Ranscht under section 290, subdivision (c) is reversed. The matter is remanded for the superior court to exercise its discretion to determine whether to require Ranscht to register as a sex offender under section 290.006.

McDonald, J., concurred.

**BENKE, Acting P. J.,** Dissenting.—The record here shows the minor was 12 years old when defendant, then 18 years of age, digitally penetrated her vagina. Defendant engaged in other sexual acts with the minor when she was 13 and 14 years of age, including another instance when he digitally penetrated her vagina, touched and kissed her breasts, and fondled her

genitalia. Defendant subsequently pled guilty to violating Penal Code[1] section 289, subdivision (h), which requires mandatory registration under section 290, subdivision (c).

Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), the majority concludes that defendant received unequal treatment under the law because if defendant had engaged in sexual intercourse with the 12 year old, as opposed to digitally penetrating her, he would not have been subject to mandatory registration but instead only subject to discretionary registration. I respectfully disagree.

First, the court in *Hofsheier* made it clear throughout its opinion that its holding was *limited* to an equal protection challenge involving mandatory registration for a defendant convicted of voluntary oral copulation with a minor 16 or 17 years of age (§ 288a, subd. (b)(1)), in contrast to discretionary registration if the defendant had been convicted of sexual intercourse with a minor of the same age (§ 261.5).[2] (*Hofsheier, supra*, 37 Cal.4th at pp. 1192, 1194, 1195, 1196, 1197, 1198, 1200, 1201, 1204, 1205, 1206, 1207.)

It is thus not surprising the court in *Hofsheier* expressly stated its holding did *not* apply to crimes such as rape, or, as the case here, to a victim under the age of 14: "We are not here concerned with persons convicted of a crime involving a forcible sexual act, *or one involving a victim under the age of 14, because all such persons* [who commit such crimes] *must register as sex offenders irrespective of whether they engaged in oral copulation or sexual intercourse.* (See §§ 264 [rape], 288 [lewd or lascivious acts with victim under the age of 14], 288a, subd. (c)(1) [oral copulation with a minor under 14 years of age], 288a, subd. (c)(2) [forcible oral copulation], 290, subd. (a)(2) [convictions requiring registration].)" (*Hofsheier, supra*, 37 Cal.4th at p. 1198, italics added.) I disagree with the majority's conclusion that this express limitation placed by the court on its holding in *Hofsheier* is dicta.

Second, the fact the victim in *Hofsheier* was 16 or 17 years of age distinguishes that case from the case at bar, where the victim was 12 years old when defendant first digitally penetrated her vagina. The majority ignores this distinction. Its reasoning further assumes that a 12 year old can "consent" to participate in sexual contact with an adult, and that the "consent" required for such participation is the same regardless of whether the victim is 12 years

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The court noted it used the term "voluntary" in a "special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances . . . ." (*Hofsheier, supra*, 37 Cal.4th at p. 1193, fn. 2.)

of age, as was the case here, or 16 or 17, as was the case in *Hofsheier*.[3] (See *People v. Hillhouse* (2003) 109 Cal.App.4th 1612, 1620–1621 [1 Cal.Rptr.3d 261] [" ' "Adolescents 'are more vulnerable, more impulsive, and less self-disciplined than adults,' and are without the same 'capacity to control their conduct and to think in long-range terms.' " ' [Citation.] It is for those reasons that our laws governing sexual contact with minors make it irrelevant, as a general rule, whether the minor consented."].)

However, the majority's reasoning and the assumptions required to support it ignore the strong public policy in our laws of protecting juveniles based on their age, as acknowledged by the court in *Hofsheier*, and by our Legislature in providing for a graduated scale of punishments based on the age of the victim (and the perpetrator). (See *Hofsheier, supra,* 37 Cal.4th at pp. 1194–1195 [recognizing both §§ 288a, subds. (b)(1), (2), (c)(1) & 261.5 provide greater punishment depending on the age of the parties].)

For example, section 288a, subdivision (b)(2), provides a person over 21 years of age who engages in oral copulation with someone younger than 16 years of age is guilty of a felony. Section 288a, subdivision (c)(1), increases the punishment when the person engages in oral copulation with someone under the age of 14 who is more than 10 years younger than the defendant.

Similarly, under section 261.5, subdivision (b), a person who engages in an act of "unlawful sexual intercourse" with a minor who is not more than three years older or three years younger than the person is guilty of a misdemeanor. However, when a person engages in an act of unlawful sexual intercourse with a minor more than three years younger, the person is guilty of either a misdemeanor or a felony. (§ 261.5, subd. (c).) Under subdivision (d) of section 261.5, if a person is over the age of 21 and engages in unlawful sexual intercourse with a minor under the age of 16, that person is guilty of a misdemeanor or a felony punishable by two to four years' imprisonment.

---

[3] The majority concludes from the record that the minor, then 12 or 13 years of age, "entered into a mutual romantic relationship" with defendant that "became physical." (Maj. opn., *ante,* at p. 1371.) My reading of the record leads me to conclude otherwise. Although the minor testified during defendant's preliminary hearing that defendant did not "force" her to engage in any sexual acts, she also testified defendant initiated all of the sexual contact, digitally penetrated her vagina on at least two occasions, including once when she was 12 and another time when she was 13 years of age, touched and fondled her genitalia and breasts on other occasions and pushed the topic of oral sex when she already had said no to it. In addition, the victim spoke during defendant's sentencing that his actions "wounded" her "to the core," she felt "shame and hatred" toward herself because defendant told her not to tell anyone about the sexual acts, and she instead took her "unexplainable anger and pain" out on herself until her motivation to live "had dwindled to almost nothing." Such evidence does not suggest a "mutual romantic relationship" ever existed between defendant and the minor.

Third, unlike the situation in *Hofsheier*, where the defendant pleaded guilty to, and was convicted of, a violation of section 288a, subdivision (b)(1) (*Hofsheier, supra*, 37 Cal.4th at p. 1192), here defendant was convicted under section 289, subdivision (h), which provides: "*Except as provided in Section 288*, any person who participates in an act of sexual penetration with another person who is under 18 years of age shall be punished by imprisonment in the state prison or in the county jail for a period of not more than one year." (Italics added.)

Section 288, subdivision (a) further provides: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

Thus, the instant situation, unlike the circumstances in *Hofsheier*, implicates a statutory protection for minors *under the age of 14*. (See § 288, subd. (a).) As a result, there is no relevant, similarly situated group for which mandatory registration is not required that serves as a basis for defendant to challenge subdivision (c) of section 290. (See *People v. Anderson* (2008) 168 Cal.App.4th 135, 142–143 [85 Cal.Rptr.3d 262], review den. Feb. 11, 2009, S168550 [concluding mandatory lifetime sex offender registration did not violate equal protection because defendant was convicted under subd. (c)(1) of § 288 (committing a lewd or lascivious act on a child of 14 or 15 years by a person at least 10 years older than the victim), and thus defendant could not establish he was subjected to unequal treatment based on a similarly situated group for which no mandatory registration was required]; *People v. Manchel* (2008) 163 Cal.App.4th 1108, 1115 [78 Cal.Rptr.3d 194], review den. Sept. 24, 2008, S165291 (*Manchel*) [concluding mandatory sex offender registration for oral copulation with a child under the age of 16 did not violate defendant's equal protection rights because defendant's *conduct* fell within subd. (c)(1) of § 288 (even though defendant pled to and was convicted under subd. (b)(2) of § 288a), and thus defendant would have to register "regardless of whether he engaged in intercourse or oral copulation" with the minor]; but see *People v. Garcia* (2008) 161 Cal.App.4th 475, 482 [74 Cal.Rptr.3d 681] (*Garcia*) [concluding a defendant convicted under subd. (b)(2) of § 288a was denied equal protection because a person over 21 convicted of unlawful sexual intercourse with a 14 year old would be subject to discretionary registration, whereas that same person convicted of oral copulation with a 14 year old would be subject to mandatory registration]; *People v. Hernandez* (2008) 166 Cal.App.4th 641, 648, 652 [83 Cal.Rptr.3d 29] [refusing to decide whether to follow *Manchel* or *Garcia* because as in *Hofsheier* the defendant's

offense did not fall within § 288, and concluding mandatory sex offender registration was a violation of equal protection].)

Because defendant falls within statutes that require mandatory registration (e.g., §§ 288, subd. (a), 289, subd. (h)), regardless of the nature of the sexual conduct at issue, he cannot satisfy his burden to show unequal treatment based on a group of similarly situated offenders that are not subject to mandatory sex offender registration. I therefore would affirm the trial court's order requiring him to register under section 290, subdivision (c).