Filed 7/15/13  P. v. Silberman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MARC ALAN SILBERMAN,<br><br>    Defendant and Respondent. | G046591<br><br>(Super. Ct. No. 09NF3074)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert R. Fitzgerald, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Marissa Bejarano and Charles Ragland, Deputy Attorneys General, for Plaintiff and Appellant

Mark S. Devore for Defendant and Respondent.

Defendant Marc Alan Silberman pleaded guilty to felony sexual penetration by foreign object with a person under 18 years of age, and misdemeanor annoying or molesting a child. The People contend the trial court erroneously failed to impose mandatory lifetime sex offender registration required under Penal Code section 290.[1] We agree and reverse the judgment.

FACTUAL BACKGROUND

The following facts are taken from the preliminary hearing transcript and are apparently not disputed.

*Victim No. 1 (count 1, § 289, subd. (h))*

On October 22, 2009, Silberman was working as a substitute teacher at a high school where Victim No. 1 was a student. After seventh period, when all the other students had left for the day, Silberman locked the classroom door, kissed Victim No. 1, played with her breasts, and moved his finger in and out of her vagina several times. Silberman also took his erect penis out of his pants, and asked Victim No. 1 to put her mouth on it. Victim No. 1 refused, but at Silberman's request masturbated him until he ejaculated. Silberman told her not to tell anybody what had happened. Victim No. 1 was born December 27, 1992, and was about 16 years 10 months old.

*Victim No. 2 (count 2, §647.6, subd. (a))*

On October 9, 2009, Silberman was working as a substitute teacher at a high school where Victim No. 2 was a student. Silberman engaged in a conversation

---

[1] All further statutory references are to the Penal Code.

with Victim No. 2 by passing notes. Silberman asked Victim No. 2 if she were to go out with somebody, would she choose between students, staff, or faculty. Victim No. 2 said faculty and staff were too old. Silberman said he was not so old. Victim No. 2 said she had a girlfriend. Silberman asked Victim No. 2 if she wanted to "try something new." At some point, Silberman came up behind Victim No. 2 and placed his hands on her waist while she was sitting down during class. Victim No. 2 was born February 20, 1992, and was about 17 years 7 months old.

*Victim No. 4* (*count 4*, *§ 647.6*, *subd.* (*a*))

In April or May 2009, while Victim No. 4 was walking home from high school, she accepted a ride from Silberman. After she entered the vehicle Silberman told Victim No. 4 that he wanted to stop by his mother's house to check on her. When they arrived there Victim No. 4 noticed nobody else was home. As Victim No. 4 walked towards the front door to leave, Silberman grabbed her by the wrists, pulled her close to him, and tried to kiss her twice over her objections. Victim No. 4 said she wanted to leave. Silberman told her not to tell anybody what happened, and then drove her home. Victim No. 4 was born December 11, 1992, and was about 16 years 4 or 5 months old.

*Victim No. 5* (*count 5*, *§ 647.6*, *subd.* (*a*))

In early October 2009, while Silberman was working as a substitute teacher at a high school. Silberman asked Victim No. 5, a student, to stay after class. After all of the other students had left, Silberman locked the door and asked Victim No. 5 if she had a boyfriend, and whether she would be interested in dating an older man. Silberman asked Victim No. 5 if she would be interested in being "friends with benefits." Silberman gave Victim No. 5 his cell phone number and asked her to reply with a yes or no to his question but Victim No. 5 never responded. Victim No. 5 was born December 31, 1991, and was about 17 years 10 months old.

PROCEDURAL BACKGROUND


An information charged Silberman with one count of sexual penetration by using a foreign object with a person under 18 years of age, in violation of section 289, subdivision (h), and four counts of annoying and molesting a child in violation of section 647.6, subdivision (a).[2] Each count involved a separate alleged victim.

Silberman initially pleaded not guilty and filed a memorandum of law seeking a ruling mandatory lifetime sex offender registration under section 290 in this case would violate equal protection under *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), and *People v. Ranscht* (2009) 173 Cal.App.4th 1369 (*Ranscht*).

The People filed a response asserting mandatory lifetime sex offender registration under section 290 would not violate equal protection because *Hofsheier* and *Ranscht* are distinguishable.  Appellant also argued, in the alternative, the court should impose discretionary lifetime sex offender registration under section 290.006.

At a pretrial hearing on January 13, 2012 the court announced in open court:  "The court has read and considered the application by the defense and the opposition by the prosecution for the issue of registration.  The tentative ruling is that the conduct is too egregious for the court to grant relief under *Hofsheier*, and the court will require registration under 290."

But, after listening to the arguments of counsel the court ruled mandatory lifetime sex offender registration for the alleged violations of section 289, subdivision (h) and section 647 subdivision (a) would violate equal protection.  The court then adopted a "compromise" proposed by defense counsel and stated "The court . . . will require registration for settlement purposes on this case for a period of five years.  Thereafter, the

_____

2       Count 3 alleging a violation of section 647.6, subdivision (a) against Victim No. 3 was later dismissed under section 995.

4

registration provision will terminate upon successful completion of five years or an extended period of probation."

The minute order describes the ruling in more detail. "Motion granted in part as follows: The Court orders defendant register pursuant to 290 Penal Code for the 5 years of Probation. If defendant successfully completes Probation, the registration requirement will end with the end of Probation. Motion denied in part as follows: The defendant NOT registering at all pursuant to 290 Penal Code . . . . [¶] Defendant must register pursuant to 290 Penal Code on Counts 2, 3 and 4 [§ 647.6, subd. (a)]. Counsel stipulated that registration on Count 1 [§ 289, subd. (h)] would deny defendant Equal Protection. [¶] The People objected to the Court requiring five years of registration and having it end when Probation is successfully completed."

A few minutes later Silberman accepted the court's indicated sentence and pleaded guilty. The court suspended imposition of sentence and placed him on five years formal probation on various terms and conditions including sex offender registration. Specifically, the court stated, "The court orders registration under 290 of the Penal Code for the period of time of the five year probationary period. Should probation terminate earlier, the registration will terminate automatically . . . . [¶] Should probation be extended for one reason or another beyond the five year period of time, the 290 registration condition continues until the actual termination however long that be [*sic*] of the probationary status."

The standard sex offender registration terms on the *Tahl* form (*In re Tahl* (1969) 1 Cal.3d 122) were modified to conform to the ruling and state, "I understand I will have to register for the term of probation." The sentencing minute order also states as a condition of probation, "Defendant [is] ordered to register pursuant to 290 Penal Code for the duration of Probation. Defendant must successfully complete Probation in order for the Registration to cease at the end of five years."

5

The People appealed from, "The trial court's order of JANUARY 13, 2012, imposing an order affecting the substantial rights of the People, as well as an unlawful sentence, after defendant's guilty plea in the above-captioned action."

DISCUSSION

The People contend the sentence is unlawful because lifetime sex offender registration under section 290 is mandatory for any defendant convicted of annoying or molesting a child under section 647.6, subdivision (a). We agree.

Section 290 requires mandatory lifetime sex offender registration for all persons convicted of various enumerated offenses, including section 647.6, subdivision (a). However, the mandatory registration requirement has been held to violate equal protection for some of the enumerated offenses. For example, in *Hofsheier,* our Supreme Court held "the statutory distinction in section 290 requiring mandatory lifetime registration of all persons . . . convicted of voluntary oral copulation with a minor of the age of 16 or 17, but not someone convicted of voluntary sexual intercourse with a minor of the same age, violates the equal protection clauses of the federal and state Constitutions." (*Hofsheier, supra,* 37 Cal.4th at p. 1207.)

"Following *Hofsheier*, a number of appellate courts have extended its holding to include additional felony offenses involving voluntary sexual activity between adults and minors of various ages and age differences.[3] [Citations.] [¶] Other appellate

---

[3] *Ranscht* is one such decision. In *Ranscht*, the appellate court extended *Hofsheier's* holding to a defendant convicted of voluntary digital penetration of a 13-year-old's vagina, under section 289, subdivision (h). The People concede under *Ranscht* Silberman cannot be subjected to mandatory lifetime registration as a result of his conviction under section 289, subdivision (h) for his conduct with Victim No. 1.

6

courts have declined to extend *Hofsheier's* holding to defendants convicted of various sexual offenses with minors . . . . [Citations.] [¶] The appellate courts that found no equal protection violation focused on the dissimilarity between the two classes of offenders . . . . In particular, they noted the following distinctions: (1) the young age of the minor and/or the age difference of more than 10 years between the defendant and the minor and (2) the specific intent requirement of the relevant statutes." (*People v. Brandao* (2012) 203 Cal.App.4th 436, 443-444 (*Brandao*).)

At the time of sentencing here, no reported decision had considered the question of whether the holding of *Hofsheier* should be extended to persons convicted of annoying or molesting a child under section 647.6, subdivision (a). Less than one month later, the question was answered in *Brandao*, and the appellate court declined to extend the holding of *Hofsheier* to persons convicted of annoying or molesting a child under section 647.6, subdivision (a). (*Brandao*, *supra*, 203 Cal.App.4th at p. 448.)

We believe the reasoning in *Brandao* is sound. The court there focused on the abstract elements of the offense rather than the particular facts, because "appellant's equal protection challenge [was] a facial one . . . ."[4] (*Brandao*, *supra*, 203 Cal.App.4th at p. 442.) The *Brandao* court noted a violation of section 647.6, subdivision (a), can involve mere words or conduct much less overtly sexual than felony offenses found not subject to mandatory registration under *Hofsheier*. (*Id.* at p. 445.) "Whatever the nature of the conduct, however, to be convicted under section 647.6, subdivision (a), [the] conduct would need to have "'unhesitatingly irritated or disturbed a reasonable person . . . regardless of the defendant's intent.'" [Citation.] Hence, section 647.6 is distinguishable from *Hofsheier*-type offenses, which do not include this requirement and which all involve voluntary conduct between two willing parties." (*Ibid.*)

---

4       Courts which have applied *Hofsheier* byond section 288a, subdivision (b)(1) have similarily focused on the [elements of] offense . . . without looking to the underlying acts." (*Ranscht*, *supra*, 173 Cal.App.4th at p. 1375.)

The *Brandao* court also focused on another key difference between voluntary sex offenses in *Hofsheier*-type cases and involuntary section 647.6, subdivision (a) offenses. The "latter statute is limited to a 'comparatively narrow province,' i.e., to offenders whose conduct, in addition to being objectively irritating and disturbing, is motivated by an *unnatural or abnormal interest in children*." (*Brandao*, *supra*, 203 Cal.App.4th at p. 445, italics added.) "Finally, while older minors may be victims under section 647.6, [subdivision (a)], and while the perpetrator need not be more than 10 years older than the victim, the statute also encompasses the youngest of minors as well as perpetrators who are much older than their victims." (*Id.* at p. 446.)

Thus, the *Brandao* court concluded there is a rational basis for the statutory classification requiring lifetime sex offender registration for persons convicted of violating section 647.6, subdivision (a). (*Brandao*, *supra*, 203 Cal.App.4th at p. 446.) "[F]or all these reasons, section 647.6, subdivision (a), simply is not comparable to the voluntary sex offenses at issue in *Hofsheier*-type cases, in which the only difference between the crimes was the nature of the sexual act and, in some cases, the ages of the defendant and the victim." (*Ibid.*) We agree with these conclusions.

Silberman contends the *Brandao* court "erroneously dismissed defendant's reliance on *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 708." We are not persuaded. As the *Brandao* court put it "*Newland* is not particularly relevant to the present case in that the court's focus there was on the arbitrary distinction between misdemeanants and felons generally, for purposes of eligibility to request a certificate of rehabilitation." (*Brandao*, *supra*, 203 Cal.App.4th at p. 447.)

Silberman also contends *Brandao* does not apply because the equal protection challenge there was a facial one whereas the equal protection challenge here is to the mandatory lifetime sex offender registration requirement as applied to the facts of this case. However, as we will demonstrate, looking at the facts of this case does not lead to a different result.

8

In this context, of course we agree with Silberman's statement that as a general matter, "On appeal, factual findings made by the trial court must be accepted if supported by substantial evidence." The problem is Silberman has not directed our attention to any such factual findings and our independent review of the record reveals none. The trial court's only statement regarding the facts of this case was made in the tentative ruling on the registration issue when the court announced, "The tentative ruling is that *the conduct is too egregious* for the court to grant relief under *Hofsheier . . . .* " (Italics added.)

We agree with the trial court Silberman's conduct was egregious. He annoyed or molested four separate victims on four separate occasions.[5] In each instance, he took advantage of his position of trust and confidence as a teacher to commit the offenses, and the victims were particularly vulnerable because they were his students. Furthermore, the manner in which he carried out the crimes indicates planning and sophistication. He arranged to be alone with Victim Nos. 1, 4 and 5, and locked the classroom doors before committing the crimes against Victim Nos. 1 and 5. In addition, the conduct was not voluntary on the part of Victim Nos. 2, 4 and 5. Silberman even specifically instructed Victim Nos. 1 and 4 not to tell anybody what happened. Finally, the age difference between Silberman and the victims was 10 years or more. The victims were all 16 or 17 years old and Silberman was 27 years old at the time.

In sum, the facts of this case demonstrate Silberman was "motivated by an unnatural or abnormal sexual interest" in underage female students, something he expressly admitted in the factual basis for his guilty pleas. These facts further demonstrate Silberman has a propensity to commit such offenses which presents a significant risk of reoffending.

---

[5] For these purposes we include Victim No. 1, even though his unlawful conduct with her was voluntary and he was charged in count 1 with violating section 289, subdivision (h) rather than section 647.6, subdivision (a).

Under these circumstances we perceive no equal protection violation in the mandatory lifetime sex offender registration requirement under section 290 either on its face or as applied to the facts underlying Silberman's section 647.6, subdivision (a) convictions. This is true even though he might not be subjected to mandatory lifetime registration under section 290 for engaging in voluntary intercourse, oral copulation or digital penetration with any one of these victims. None of the *Hofsheier*-type cases cited by Silberman involved multiple victims like this case.

Based on all of the foregoing, we hold the trial court erred in failing to impose mandatory lifetime sex offender registration pursuant to section 290 as a result of Silberman's convictions under section 647.6, subdivision (a). It follows the sentence is not authorized and the judgment must be reversed. (*People v. Serrato* (1973) 9 Cal.3d 753, 763, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583.)

With regard to Silberman's contention he must be allowed to withdraw his plea in light of our holding, we note this is a matter which may involve disputed factual questions and, it is more appropriately directed to the trial court in the first instance.

DISPOSITION

The judgment is reversed and the case is remanded to the trial court for resentencing or other proceedings consistent with this opinion.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.

11