Filed 7/28/15  P. v. Reynolds CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE, | C076937 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035404) |
| v. | |
| SPENCER DEAN REYNOLDS, | |
| Defendant and Appellant. | |

Defendant Spencer Dean Reynolds pleaded no contest to one count of sexual penetration of a minor, having been originally charged with forcible rape, forcible sexual penetration, and two counts of sexual battery.  The trial court ordered defendant to register as a sex offender pursuant to Penal Code section 290.  Defendant appealed his registration as a sex offender, and this court remanded the matter to the trial court for the limited purpose of determining whether to exercise the court's discretion to order defendant to register as a sex offender and to state all of the required reasons.

1

On remand the trial court exercised its discretionary power to order registration, and stated its reasons. Defendant appealed, and now argues: (1) the trial court abused its discretion making the findings on which it based its decision to impose registration; (2) the factual findings supporting discretionary registration were required to be submitted to a jury and proved beyond a reasonable doubt; and (3) the trial court violated the confrontation clause by admitting testimonial hearsay evidence.

We shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The victim, 16-year-old C.E., reported she was raped in a park by a man who threatened her with a knife and sodomized her. C.E. had just run away from home when she met defendant. They went to a house where she met a woman she thought was defendant's mother. C.E. drank several glasses of alcohol. The woman gave them a sleeping bag, and C.E. and defendant went to a park. Defendant told C.E. he was 20. She led him to believe she was 18 or 19. When they got to the park, defendant put the sleeping bag down and grabbed C.E., forced her to the ground, took off her clothes, digitally penetrated her, and penetrated her vagina with his penis. C.E. struggled and tried to fight for a few minutes, then she blacked out and gave in. C.E. reported that defendant had threatened her with a folding knife.

When defendant was interviewed, he admitted to kissing and digitally penetrating C.E., but he denied having sex with her. He agreed to a cheek swab for DNA evaluation. Defendant's DNA was not found in C.E.'s underwear, but DNA from his saliva was found on C.E.'s neck. C.E. would not allow a full sexual assault exam, so no DNA was recovered from her vagina or anus.[1]

---

[1] C.E. reported to medical personnel that defendant had penetrated her anus with his penis, but did not indicate this had occurred in any of her subsequent interviews.

Charged with forcible rape, forcible sexual penetration with a foreign object, and two counts of sexual battery, defendant pleaded no contest to one count of digitally penetrating a victim under the age of 18.  (Pen. Code, § 289, subd. (h).)[2]  The trial court sentenced defendant to state prison for the midterm of two years and ordered him to register as a sex offender.  Defendant appealed the judgment on the ground the trial court stated inadequate reasons for ordering him to register as a sex offender.  (*People v. Reynolds* (Jan. 24, 2014, C072985) [nonpub. opn.].)  We set aside the trial court's order requiring defendant to register as a sex offender for the limited purpose of determining whether to order defendant to register as a sex offender, and stating the reasons for the determination.

On remand, the trial court ordered defendant to register as a sex offender, and made the following statement of reasons:

> "In this case, there are a variety of reasons for and against making the findings required.  The conduct alleged, and to which the defendant admitted, does include the digital penetration of the victim's vagina.

> "There was a Static-99, as I previously mentioned, completed.  It resulted in a finding of moderate to high risk of reoffending.

> "Also in favor of registration is the subsequent offense where the defendant was found by the police in the same park with another female juvenile, and he had a knife with him at the time.  Those circumstances are substantially similar to the charged conduct.

> "The juvenile also had in her possession a small amount of marijuana.

> "In the charge offense, the victim's allegations included the use of a knife or the placing of a knife on her stomach; the fact that the defendant threatened her, saying to her, If you don't to this, you are going to have the worst time of your life.

---

[2]  Further statutory references to sections of an undesignated code are to the Penal Code.

"She alleged that the defendant held her arms and legs down. And additional conduct was alleged in her interviews that involve substantial sexual conduct, including penile-vaginal penetration/penile-anal penetration.

"Also in favor of registration is the fact that the victim was particularly vulnerable. She was a runaway. She had severe emotional and mental health issues which, according to the probation report, were apparent after a few minutes of conversation with the victim.

"On balance, the Court would note that there are factors that would not support the discretionary registration, including the fact that the defendant has no prior record. He is youthful. The victim led the defendant to believe she was 18 or 19 years old. And the fact that there was no DNA or physical evidence supporting the penile-vaginal penetration or penile-anal penetration allegations.

"The Court has balanced all of these factors for and against registration in this case. It is a significant burden on a person, and the Court recognizes that. However, in examining the facts and circumstances of this case, the allegations that the defendant has admitted to, the Court does find that there is a likelihood of the defendant reoffending and that the offense was committed as a result of sexual compulsion and for sexual gratification.

"For all of these reasons, the Court is ordering that the defendant register as a, under Penal Code Section 290."

## DISCUSSION

### I
### No Abuse of Discretion

Defendant argues the trial court abused its discretion in requiring him to register as a sex offender. The argument has no merit because registration was mandatory, but in any event the trial court did not abuse its discretion.

The crime of which defendant was convicted, foreign object penetration of a victim under the age of 18 (§ 289, subd. (h)), is a conviction which subjects defendant to mandatory registration pursuant to section 290. Our earlier opinion held that registration was discretionary because: "[e]ven though section 289 is listed in section 290, defendant's offense is similar for equal protection purposes to unlawful sexual

4

intercourse which does not require mandatory registration.  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 341-342; *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1195, 1198-1199, 1206-1207 (*Hofsheier* ); *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1372, 1375.)  Thus, registration for defendant's offense is required only if ordered at sentencing (§ 290.006)."  (*People v. Reynolds, supra*, C072985.)  *Hofsheier* held that section 290 violated the equal protection clause of the Fourteenth Amendment and article 1, section 7 of the California Constitution to the extent it required registration for an adult convicted of oral copulation with a minor, but did not require registration of an adult convicted of voluntary sexual intercourse with a minor.  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1198 (*Hofsheier*).)

Subsequent to our earlier opinion, the Supreme Court revisited its holding in *People v. Hofsheier, supra*, 37 Cal.4th 1185.  *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888 (*Johnson*) overruled *Hofsheier,* and disapproved the Court of Appeal decisions that "applied *Hofsheier's* rational -- i.e., the absence of a rational basis for distinguishing, as to sex offender registration, between oral copulation with a minor and unlawful sexual intercourse -- to other sex offenses involving minors and other." (*Johnson,* at p. 888.)

It is thus clear that registration is mandatory.  What is not as clear is whether *Johnson* is retroactive in this case.  "A decision of a court overruling a prior decision is typically given full retroactive effect.  [Citation.]  Despite this general rule, the federal and state Constitutions do not prohibit an appellate court from restricting retroactive application of an overruling decision on grounds of equity and public policy."  (*Johnson, supra,* 60 Cal.4th at p. 888.)

*Johnson* is retroactive where the sex offender "has taken no action in justifiable reliance on the overruled decision."  (*Johnson, supra,* 60 Cal.4th at p. 889.)  In *Johnson*, the defendant's guilty plea was entered before the *Hofsheier* decision, and the plea acknowledged the defendant's obligation to register as a sex offender as a part of his plea

5

agreement. Because it was clear that the decision to plead guilty and the obligation to register a sex offender did not result from any reliance on the state of the law as articulated in *Hofsheier,* the law as stated in *Johnson* was retroactive. (*Johnson,* at p. 889.)

Here, *Hofsheier* was decided before defendant's no contest plea, and defendant's plea agreement acknowledged that one consequence of his plea was that he *might* be required to register as a sex offender. When entering his plea, he answered affirmatively when the court asked: "Do you also understand that one of the *possible* consequences would be a requirement that you register as a sex offender:" (Italics added.) At the time of his plea, the Fourth District Court of Appeal had held that the Supreme Court's decision in *Hofsheier* was applicable to a violation of section 289, subdivision (h), and the Supreme Court had issued an opinion holding that a person convicted of violating section 289, subdivision (h) could file a petition for writ of mandate in the trial court to seek *Hofsheier* relief. (*People v. Ranscht* (2009) 173 Cal.App.4th 1369; *People v. Picklesimer* (2010) 48 Cal.4th 330, 340.)

Under these circumstances we cannot say with certainty that defendant did not rely of the state of the law as articulated in *Hofsheier* in entering his plea.

Because *Johnson* is so recent, neither party has briefed whether it applies retroactively here. We need not determine whether it operates retroactively under the circumstances presented, because we conclude that the trial court's decision to order registration was not an abuse of discretion. "A court abuses its discretion when its rulings fall 'outside the bounds of reason.' [Citation.]" (*People v. Ochoa* (1998) 19 Cal.4th 353, 408.) Employing that test, we find no error.

The trial court weighed the reasons for and against registration, and stated the reasons for requiring registration. The reasons given for registration were: (1) defendant's Static-99 assessment that found a moderate to high risk of reoffending; (2) the subsequent offense for which defendant was arrested in the same park with another

6

female juvenile and a knife; (3) the fact that the charged offense included allegations that defendant used a knife and threatened the victim; (4) the fact that additional substantial sexual conduct was alleged; and (5) the fact that the victim was particularly vulnerable because she had severe emotional and mental health issues, and was a runaway.

The trial court also stated the following factors that did not support registration: (1) defendant's lack of a prior record, (2) defendant's youth, (3) the fact that the victim led defendant to believe she was over 18, and (4) the fact that there was no DNA or physical evidence supporting allegations of penile-vaginal penetration or penile-anal penetration.

On balance, the court ordered registration because it found there was a "likelihood of the defendant reoffending and that the offense was committed as a result of sexual compulsion and for sexual gratification."

Defendant points to the conflicting evidence regarding his use of a knife, and regarding whether there was any sexual conduct other than that to which he pleaded. He also points to the report of his expert, who found no physical evidence to support additional sexual conduct. However, the trial court recognized that there was no physical evidence to support the victim's other allegations of sexual conduct, and recognized that such conduct, as well as the use of a weapon, was merely alleged.

Defendant also objects to the court's characterization of his later arrest in the park with another juvenile girl. He claims there is no evidence he was in the park with the girl, other than that he was in the park and the girl was nearby. However, the trial court could infer from the fact that the report indicated the female was the one who was in possession of the marijuana, and that defendant was arrested and charged with misdemeanor possession of marijuana, that the two were together. Moreover, defendant admitted in his statement to the probation officer that he was with the juvenile.

Defendant also argues there was no evidence he knew that C.E. had severe emotional and mental health issues, especially since she had been drinking, and he was

7

strung out on methamphetamine.  However, Detective Woodby, who interviewed C.E., testified at the preliminary hearing that C.E. acted like a 12 year old, and defendant's initial conversation with C.E. occurred before she started drinking, so he had an opportunity to assess her demeanor.  C.E.'s mother told police that C.E. was schizoaffective, bipolar, had Tourette's, had the mental capacity of a 12 year old, and would get in the car with anyone.

The Static-99 assessment alone, which found a moderate to high risk that defendant would reoffend, was sufficient by itself to justify a determination by the trial court that there was a likelihood defendant would reoffend.  The trial court gave appropriate weight to the remaining evidence in support of registration, and properly considered the factors opposed to requiring registration.  The trial court's findings were not baseless, and were not an abuse of discretion.

## II
### Findings Supporting Registration Need Not Be Submitted to Jury

California voters passed an initiative in 2006 preventing any person who is released on parole after being imprisoned for an offense for which registration is required pursuant to section 290, from residing within 2,000 feet of a public or private school, or park where children regularly gather.  (§ 3003.5.)  Defendant argues these residency restrictions are punitive, and the facts supporting the registration requirement must therefore be found beyond a reasonable doubt by a jury pursuant to *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435].

The Supreme Court recently rejected this claim.  (*People v. Mosley* (2015) 60 Cal.4th 1044.)  A defendant has no right to jury trial on the factual findings underlying a discretionary sex offender registration order.  (*Id*. at p. 1048.)

III
Confrontation Clause

Defendant argues that because the registration requirements are punitive, any testimonial evidence adduced at the registration hearing must conform to the confrontation clause of the Sixth Amendment. He argues the victim's statements about her interaction with defendant were testimonial, and because they were used in a proceeding against him, they were required to be subject to confrontation.

Preliminarily, the premise of defendant's argument is incorrect. The Supreme Court has held that neither the registration requirements, nor the resulting residency restrictions are punitive.

*People v. Castellanos* (1999) 21 Cal.4th 785, 796 held: "The sex offender registration requirement serves an important and proper remedial purpose, and it does not appear that the Legislature intended the registration requirement to constitute punishment. Nor is the sex offender registration requirement so punitive in fact that it must be regarded as punishment, despite the Legislature's contrary intent. Although registration imposes a substantial burden on the convicted offender, this burden is no more onerous than necessary to achieve the purpose of the statute." (Fn. omitted.)

*People v. Mosley, supra*, 60 Cal.4th at p. 1062 held that "the residency restrictions of Jessica's Law are not, on their face, an added 'penalty' for [the defendant's] conviction to which *Apprendi* applies. Like sex offender registration requirements, the restrictions are not intended as punishment or retribution for the offense or offenses that led to their imposition. Rather, their purpose is to serve a legitimate regulatory goal—reducing the opportunity for persons convicted of sexually related crimes, who are at large in the community but still deemed dangerous, to reoffend in the future. The restrictions may lead to significant disabilities in individual cases, but in the abstract, they do not so resemble traditional forms of punishment, and are not so clearly punitive in effect, as to override their regulatory aim."

9

A.  Failure to Object

Defendant objects to the use of C.E's statements "about her various observations of, and interactions with" him.  He did not assert an objection to the court's consideration of this evidence at the hearing.  Failure to object to the introduction of evidence below on the ground it violated defendant's constitutional rights under the confrontation clauses of the federal and state Constitutions forfeits the claim on appeal.  (*People v. Tafoya* (2007) 42 Cal.4th 147, 166.)  Anticipating this, defendant claims his trial counsel was ineffective for failing to assert the objection below.

B.  Ineffective Assistance of Counsel

To succeed on his claim of ineffective assistance of counsel, defendant has the burden of showing both that his counsel's performance was deficient and that the deficient performance prejudiced the defense.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].)  To show prejudice, defendant must show there is a reasonable probability that but for counsel's performance, the result of the proceeding would have been different.  (*Id*. at p. 694.)  If defendant fails to show prejudice, we need not determine whether counsel's performance was deficient.  (*People v. Weaver* (2001) 26 Cal.4th 876, 961.)

Defendant cannot establish prejudice.  A trial court's decision to impose a discretionary sex offender registration requirement is a sentencing decision.  (See *People v. Garcia* (2008) 161 Cal.App.4th 475, 483, disapproved on another point by *Johnson, supra*, 60 Cal.4th at p. 888.)  The Sixth Amendment right to confrontation does not extend to sentencing.  (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754; *People v. Cain* (2000) 82 Cal.App.4th 81, 86.)  Consequently, the trial court would have properly rejected an objection to the evidence based on confrontation clause grounds, and defendant is unable to show prejudice.

DISPOSITION

The judgment is affirmed.

     BLEASE     , Acting P. J.

We concur:

     HULL     , J.

     RENNER     , J.

11