Filed 3/21/16  P. v. Levine CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEAH ROSE LEVINE,<br><br>    Defendant and Appellant. | 2d Crim. No. B265618<br>(Super. Ct. No. 1434897)<br>(Santa Barbara County) |

Leah Rose Levine appeals an order denying her Proposition 47 petition for resentencing on her 2013 felony conviction for possession of a controlled substance. (Health & Saf. Code, § 11350, subd. (a).)  The trial court granted the petition, but on reconsideration, found that appellant had a prior conviction for sexual penetration of a minor (Pen. Code, § 289, subd. (h))[1] that rendered her ineligible for Proposition 47 relief.  (See § 1170.18, subd. (i).)  We affirm.

Section 1170.18, subdivision (i) provides that a person with a prior conviction for a crime that requires registration as a sex offender is not eligible for resentencing.  In 2014 appellant was convicted by plea of sexual penetration of a minor but not ordered to register as a sex offender.  Although section 290, subdivision (c) provided for mandatory sex offender registration, prevailing case authority held that mandatory sex offender registration was discretionary.  (*People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1375.)  In 2015, our Supreme Court disapproved *Ranscht* and held that mandatory sex offender

---

[1] All further statutory references are to the Penal Code.

registration is constitutional and should be retroactively applied where the sex offender has taken no action in justifiable reliance on the overruled decision. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888-889 (*Johnson*).)

At the hearing on reconsideration of the Proposition 47 petition, appellant argued that her felony drug conviction should be reduced to a misdemeanor because she has never been required to register as a sex offender. The trial court rejected the argument based on *Johnson*. It found that appellant "pled to the felony drug charge on October 23, 2013, and the sex offense on October 22, 2014. Since Proposition 47 was not passed until November 5, 2014, it appears to the Court that [appellant] could not have relied on having her felony drug offense reduced to a misdemeanor when she pled to either that charge or the sex offense."

Appellant argues that the electorate in approving Proposition 47 intended only to exclude felony offenders who actually registered as sex offenders. Section 1170.18, subdivision (i) states in pertinent part: "The provisions of this section shall not apply to persons who have one or more prior convictions for . . . *an offense requiring registration* pursuant to subdivision (c) of Section 290." (Italics added.) Appellant construes the phrase "an offense requiring registration" to mean actual registration.

This is a matter of statutory construction and subject to de novo review. (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.) When construing a statute, the court seeks to determine and give effect to the intent of the enacting legislative body. (*People v. King* (2006) 38 Cal.4th 617, 622.) "The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.' [Citation.] If the plain, commonsense meaning of the statute's words is unambiguous, the plan meaning controls.' [Citation.]" (*Ibid*.) A court cannot add or subtract words to or from the statute. (*People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1034.)

Because section 1170.18, subdivision (i) does not require actual registration as a sex offender, it matters not whether appellant was required to register as a sex offender in 2014. "It is important to observe the precise words of the exclusion: the statute will

2

exclude a defendant from the benefits of Proposition 47 only if he [or she] has 'one or more prior *convictions . . .* for an *offense requiring registration*' and only if the requirement is pursuant to an offense listed in section 290(c).  (Emphasis added.)  The emphasis in the statute is on the *conviction of a crime* requiring registration, not the registration requirement."  (Couzens, Bigelow & Prickett, Sentencing California Crimes (The Rutter Group 2015) § 25.3, p. 25-17.)

The exclusion applies regardless of whether appellant would pose an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (a); Couzens, *supra*, Sentencing California Crimes, § 25.3, p. 25-7.)  "If the defendant has suffered any of the designated prior convictions, he [or she] will be subject to the traditional punishment for these offenses and may not request resentencing or reclassification of an otherwise Proposition 47 - eligible crime as a misdemeanor."  (*Ibid.*)  This is consistent with the voters' intent in enacting section 1170.18.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459 [court looks at proposition's language and the analysis and arguments contained in the ballot pamphlet].)  The ballot pamphlet for Proposition 47 states:  "In enacting this act, it is the purpose and intent of the people of the State of California to: [¶]  (1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act."  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Proposition 47, § 3, p. 70.)  Section 15 states, "This act shall be broadly construed to accomplish its purposes."  (Ballot Pamp., *supra*, text of Proposition 47, § 15, p. 74.)

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.

PERREN, J.


3

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Angelina Lane, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.