Filed 7/30/13  P. v. Bennett CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHAD CECIL BENNETT,<br><br>Defendant and Appellant. | F064362<br><br>(Super. Ct. No. F11905725)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Chad Cecil Bennett stands convicted, following his guilty plea, of unlawful sexual intercourse by a person 21 years of age or older with a minor under 16 years of age. (Pen. Code,[1] § 261.5, subd. (d).) Sentenced to three years in prison and ordered to pay various fees and fines, he now challenges imposition of a lifetime sex offender registration requirement and contends he is entitled to additional custody credits. We affirm the conviction, but remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY[2]

On September 30, 2011, defendant (then 28 years old) met the victim for the first time at a wedding reception. He asked her age and expressed surprise upon learning she was only 15. During the reception, when the victim mentioned she was going to use the bathroom, defendant directed her to a different bathroom. There, defendant (who was six feet three inches tall) forced the victim (who was five feet four inches tall) to orally copulate and have intercourse with him. As soon as she was able to run from the bathroom, the victim asked a friend to take her from the scene. As he was driving her away, she explained what had happened. The friend and his girlfriend convinced her to call the police. Contacted the next morning at his parents' house, defendant first denied anything happened, then maintained the sexual acts were consensual and he thought the victim was about 20 years old.

A felony complaint was subsequently filed in Fresno County Superior Court, charging defendant with commission of a lewd or lascivious act on a child who was 14 or 15 years old by a person at least 10 years older (§ 288, subd. (c)(1); count 1), oral copulation of a person under the age of 16 years by a person over the age of 21 years (§ 288a, subd. (b)(2); count 2), and unlawful sexual intercourse by a person over the age

---

[1]     All statutory references are to the Penal Code.

[2]     Since defendant pled guilty before the preliminary hearing, the facts are taken from the probation officer's report.

of 21 years with a minor under the age of 16 years (§ 261.5, subd. (d); count 3). Defendant pled not guilty.

On December 7, 2011, defendant entered into a plea agreement pursuant to which he pled guilty to count 3 in return for dismissal of the remaining counts. In pertinent part, he was advised he could receive a maximum sentence of four years in prison; his was a "'[p]ossible AB 109'" case, meaning it would be determined at sentencing whether he was eligible to serve time in the county jail; and, as part of the consequences of his plea, it would be within the court's discretion whether to order lifelong registration pursuant to section 290, which also would be determined at the time of sentencing, following a section 288.1 evaluation.

On February 8, 2012, defendant was sentenced to prison for three years. Following review of the section 288.1 evaluation report and argument on the subject, the court found the offense was committed for purposes of sexual gratification, and ordered defendant to register as a sex offender for his lifetime. As a result, the court found defendant ineligible for local commitment pursuant to section 1170, subdivision (h).

## DISCUSSION

### A

Defendant contends the requirement that he register as a sex offender for his lifetime must be stricken because it increased the penalty for his offense based on facts he had the right to have a jury find true beyond a reasonable doubt. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*).) He further asserts the entire discretionary registration scheme is constitutionally defective and must be "struck down completely."[3]

---

[3] The Attorney General says defendant forfeited his claims by failing to raise them in the trial court. (See *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1060-1061.) In *People v. French* (2008) 43 Cal.4th 36, 46, however, our state high court suggested a defendant's failure to object does not preclude the assertion on appeal that he or she was denied the constitutional right to a jury trial. Whether *Apprendi* applies to discretionary sex offender registration is an unsettled question, with the issue pending before the

Section 290, subdivision (b) mandates lifetime registration for anyone convicted of an offense listed in subdivision (c) of the statute. Section 261.5 is not listed in subdivision (c) of section 290; hence, a person convicted of violating that statute is exempt from section 290's mandatory lifetime registration requirement. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197 (*Hofsheier*).)

This does not necessarily mean such a person escapes registration, however. Section 290.006 provides: "Any person ordered by any court to register pursuant to [section 290 et seq.] for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

This statute (the terms of which previously were contained in subdivision (a)(2)(E) of section 290) "*leaves the trial judge with the option of refusing to order registration.*" (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197, italics added.) "[T]o implement the requirements of section [290.006], the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; *and* (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual

California Supreme Court (*People v. Mosley* (2010) 188 Cal.App.4th 1090, review granted Jan. 26, 2011, S187965), and, while it would have been better for defendant to object at sentencing on Sixth Amendment grounds rather than merely claiming the registration statute was overbroad, we decline to find forfeiture (see *People v. French, supra,* 43 Cal.4th at p. 48 & fn. 6).

gratification, *the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case*." (*Ibid.*, italics added.)

In defendant's case, the trial court found the offense was committed for purposes of sexual gratification. The United States Supreme Court has held, however, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi*, *supra*, 530 U.S. at p. 490.) "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may impose *without* any additional findings." (*Blakely v. Washington* (2004) 542 U.S. 296, 303-304.)

The initial question, then, is whether discretionary sex offender registration pursuant to section 290.006 increased the penalty for defendant's crime beyond the prescribed statutory maximum. Defendant says discretionary registration constitutes punishment for two reasons. First, section 3003.5, subdivision (b) makes it "unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather."[4] Second, section 1170, subdivision (h)(3) excludes anyone required to register as a sex offender from being sentenced under the provisions of subdivision (h) of section 1170.[5] Had a sex offender registration requirement not been imposed on defendant, he would have been permitted to serve his time in county jail, eligible for a hybrid sentence, and

---

[4] We sometimes refer to this provision, which we assume applies equally to mandatory registration under section 290 and discretionary registration under section 290.006, as the residency restriction. (*In re Pham* (2011) 195 Cal.App.4th 681, 684.)

[5] We sometimes refer to this sentencing scheme as realignment. (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549, 1553.)

not subject to parole or postrelease community supervision. (§§ 261.5, subd. (d), 1170, subd. (h)(2) & (5), 3000, subd. (a)(1), 3450 et seq.)

The United States Supreme Court has held that sex offender registration does not constitute punishment. (*Smith v. Doe* (2003) 538 U.S. 84, 89, 105-106.) The California Supreme Court has reached the same conclusion with respect to California's statutory scheme, despite recognizing registration "imposes a 'substantial' and 'onerous' burden. [Citations.]" (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197; accord, *In re Alva* (2004) 33 Cal.4th 254, 262; *People v. Castellanos* (1999) 21 Cal.4th 785, 796 (lead opn. of George, C.J.).) As one appellate court has explained: "The registration requirement is not an action, a criminal count, or a factual allegation. Nor is registration under section 290 considered to be punishment. [Citation.] Rather, it is a consequence of conviction of certain enumerated crimes." (*People v. Tuck* (2012) 204 Cal.App.4th 724, 730-731.)

At least two Courts of Appeal have rejected the argument *Apprendi* and its progeny apply to the discretionary registration scheme, or at least the portions thereof that do not implicate the residency restriction. (*People v. Garcia* (2008) 161 Cal.App.4th 475, 485-486, disapproved on another ground in *People v. Picklesimer* (2010) 48 Cal.4th 330, 338-339, fn. 4; *People v. Presley* (2007) 156 Cal.App.4th 1027, 1031-1033, 1035.) The California Supreme Court has held the residency restriction contained in section 3003.5, subdivision (b), is properly applied to sex offenders who are released on parole after its effective date, even if they committed their offenses before it went into effect (*In re E.J.* (2010) 47 Cal.4th 1258, 1275-1276): "Although [such persons] fall under the new restrictions by virtue of their status as registered sex offenders who have been released on parole, they are not being 'additionally punished' for commission of the original sex offenses that gave rise to that status. Rather, [they] are being subjected to new restrictions on where they may reside while on their current parole — restrictions

6.

clearly intended to operate and protect the public in the present, not to serve as additional punishment for past crimes." (*Id*. at p. 1278, italics omitted.)[6]

The state high court has not determined, however, whether the residency restriction renders the discretionary registration scheme "punishment" for *Apprendi* purposes. The court has stated, in another context, that "a period of parole following a prison term has generally been acknowledged as a form of punishment" (*People v. Nuckles* (2013) 56 Cal.4th 601, 609), but has not ruled whether the existence of a parole period renders a state prison sentence more punitive than sentencing under realignment (see *id*. at p. 608, fn. 4). We have expressed doubt whether the other provisions of realignment constitute less onerous punishment than a state prison term. (*People v. Cruz* (2012) 207 Cal.App.4th 664, 672-673, fn. 8.)

We are bound by the recent pronouncements by the California Supreme Court that sex offender registration is not punishment. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we conclude defendant's Sixth Amendment right to a jury trial was not violated by the trial court's imposition of a registration requirement pursuant to section 290.006.[7]

Even if we were to conclude the discretionary registration requirement contains a punitive element that brings it within the purview of *Apprendi* and its progeny, we would reject, on the record before us, defendant's claim the discretionary registration scheme must be struck down. (See *In re Pham, supra,* 195 Cal.App.4th at pp. 685-690.) Nor would the result change in defendant's case. "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error." (*Washington v.*

---

[6] The high court did not decide whether the residency restriction *only* applies so long as a sex offender is on parole.

[7] Should a higher court hold otherwise, defendant will not be left without a remedy. (*People v. Picklesimer, supra,* 48 Cal.4th at pp. 339-340; *In re David* (2012) 202 Cal.App.4th 675, 680; see *People v. French, supra,* 43 Cal.4th at pp. 48-49.)

*Recuenco* (2006) 548 U.S. 212, 222.) Rather, such error is reviewed under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 24. (*People v. Sandoval* (2007) 41 Cal.4th 825, 838.) This means "we must ask whether we can conclude, 'beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true [the] aggravating circumstance had it been submitted to the jury.' [Citation.]" (*People v. Wilson* (2008) 44 Cal.4th 758, 812.) "The failure to submit a sentencing factor to a jury may be found harmless if the evidence supporting that factor is overwhelming and uncontested, and there is no 'evidence that could rationally lead to a contrary finding.' [Citations.]" (*People v. French, supra,* 43 Cal.4th at p. 53, quoting *Neder v. United States* (1999) 527 U.S. 1, 19.)

In defendant's case, the evidence he committed the offense for purposes of sexual gratification was "overwhelming and uncontested, and there is no 'evidence that could rationally lead to a contrary finding.' [Citations.]" (*People v. French, supra,* 43 Cal.4th at p. 53.) We recognize defendant pled guilty before a preliminary hearing and so the evidence was not developed, but defendant admitted having intercourse with the victim. The disputed issues were whether the act was consensual and if he knew she was underage. We have no doubt that if a jury convicted defendant, it would find, beyond a reasonable doubt, that the offense was committed for purposes of sexual gratification. (See *People v. Baughman* (2008) 166 Cal.App.4th 1316, 1323.)

Sexual gratification having been established, section 290.006 still requires a determination whether sex offender registration should be ordered. (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) In our view, this determination is not subject to *Apprendi*'s requirements. "[T]he scope of the constitutional jury right must be informed by the historical role of the jury at common law. [Citation.]" (*Oregon v. Ice* (2009) 555 U.S. 160, 170.) Defendant fails to persuade us the assignment to a sentencing judge of a determination whether, in a given case, a person should be ordered to register as a sex offender, "implicates *Apprendi*'s core concern: a legislative attempt to 'remove from the

8.

[province of the] jury' the determination of facts that warrant punishment for a specific statutory offense. [Citation.]" (*Ibid*.) "[A]s *Apprendi*'s core concern is inapplicable to the issue at hand, so too is the Sixth Amendment's restriction on judge-found facts." (*Ibid*.)

**B**

The trial court's comments at sentencing indicate a belief that, once a finding of sexual gratification is made, imposition of a sex offender registration requirement is mandatory.[8] Generally, "where the record affirmatively discloses that the trial court misunderstood the scope of its discretion, remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion .…" (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944, italics omitted; accord, *People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1245-1246; *People v. Jeffries* (2000) 83 Cal.App.4th 15, 26.) Similarly, "when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion. [Citation.]" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

---

**8**    The court stated: "As far as the 290 registration is concerned, [defense counsel], I also disagree with you on that element in this case. I understand the family of Mr. Bennett does not believe he deserves this particular type of outcome in this case. They have the right to have their opinion. This Court -- requirements of the Court is, though, to assess the facts before the court. And in 290.006 still it creates the following statement: When an offense is committed as a result of sexual compulsion, which I don't find in this case; or for purposes of sexual gratification, which I do find in this case, that *the court is to order Penal Code 290. It says shall. Shall is not at that point discretionary. If I found one of those two facts,* which I have a requirement to do to assess the facts before me, *I must make those findings*." (Italics added.)

Given the trial court's comments, we asked the parties to file supplemental briefs concerning whether remand is required here. They agree that it is, and we concur. The record clearly shows the trial court believed it was required to order registration if it found defendant's offense was committed for purposes of sexual gratification. The record contains no indication whether the court would have imposed a registration requirement had it understood its discretion not to do so.[9]

Upon remand, the trial court must exercise its discretion whether to require registration, after considering all relevant information available to it at the time it makes its decision. (*People v. Garcia, supra,* 161 Cal.App.4th at p. 483.) "[O]ne consideration before the court must be the likelihood that the defendant will reoffend." (*Id.* at p. 485; accord, *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431; *Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78.)

## C

If, upon remand, the trial court exercises its discretion to again impose a sex offender registration requirement, it shall reinstate defendant's sentence as originally imposed, with any update in, or recalculation of, defendant's custody credits as may be appropriate. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 23-24, 37, 41.)[10] The

---

[9]    Dr. Terrell, the psychiatrist who conducted the section 288.1 evaluation of defendant, recommended imposition of a registration requirement. However, he also recommended granting probation with a year in jail. The trial court discussed Dr. Terrell's evaluation in terms of the sexual gratification issue, and not in terms of whether to require registration.

[10]    Defendant committed his offense on September 30, 2011; was convicted pursuant to his guilty plea on December 7, 2011; and was sentenced on February 8, 2012. He was awarded presentence custody credits in the amount of 131 days of actual time plus 64 days of conduct credits, for a total of 195 days. On appeal, he claims entitlement, under the equal protection clause of the federal Constitution, to additional custody credits under the amendment to section 4019 that became operative on October 1, 2011.

Relying primarily on *People v. Brown* (2012) 54 Cal.4th 314, 328-330, we rejected an equal protection challenge to the October 1, 2011, amendment to section 4019

10.

sentencing minute order and abstract of judgment shall then reflect the registration order was made pursuant to section 290.006, not (as presently shown) section 290.1, which was repealed by Statutes 2005, chapter 704, section 2.

If the trial court decides not to impose a registration requirement, it shall sentence defendant pursuant to the provisions of section 1170, subdivision (h).  (See § 261.5, subd. (d).)

## DISPOSITION

The judgment of conviction is affirmed.  Sentence is vacated and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

_____

DETJEN, J.

WE CONCUR:


_____

GOMES, Acting P.J.


_____

POOCHIGIAN, J.

in *People v. Ellis, supra,* 207 Cal.App.4th at pages 1552-1553.  Since defendant committed his offense prior to October 1, 2011, *Ellis* controls; moreover, were we to undertake an equal protection analysis, we would still conclude defendant would not be entitled to custody credits calculated under the post-October 1, 2011, version of section 4019.  (See, e.g., *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 53-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997.)  If the sex offender registration requirement is not reimposed upon remand, however, defendant may be entitled to additional credit under the version of sections 2933 and 4019 that became effective on September 28, 2010.  (See *People v. Hul* (2013) 213 Cal.App.4th 182, 185-187.)